THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
*************************
LISA M. DEAN and                    *
JEFFREY R. DEAN                     *
22 Overlook Drive                   *
Dover, NH 03820                     *
                                    *
and                                 *
                                    *
LYNN ALISON BACKNER and             *
JAMES STEVEN BACKNER                *
22 Missy Lane                       *
Attleboro, MA 02703                 *   CIVIL ACTION _____
                                    *
              Plaintiffs,           *   SUPERIOR COURT NO. 06-0005621
                                    *
       vs.                          *
                                    *
ELI LILLY AND COMPANY               *
Lilly Corporate Center              *
Indianapolis, IN  46285,            *
                                    *
              Defendant.            *
*****************************
```

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

## FIRST DEFENSE

1. Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Lilly states that it did sell and distribute DES in the District of Columbia. Lilly also states that it is doing business in the District of Columbia and that the U.S. Food and Drug Administration ("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged relationship between Lisa M. Dean and Lynn Alison Backner. To the extent a response is required, however, Lilly denies this allegation. Lilly denies all other allegations in paragraph 3 of the Complaint.

## COUNT I – NEGLIGENCE (LISA M. DEAN)

4. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations in paragraph 4 of the Complaint.

5. Lilly denies the allegations contained in Paragraph 5 of the Complaint.

6. Lilly denies the allegations contained in Paragraph 6 of the Complaint.

## COUNT II - STRICT LIABILITY (LISA M. DEAN)

7. Lilly repeats and realleges its answers in Count I above.

8. Lilly denies the allegations in Paragraph 8 of the Complaint.

9. Lilly denies the allegations contained in Paragraph 9 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations in Paragraph 10 of the Complaint.

11. Lilly denies the allegations in Paragraph 11 of the Complaint.

12. Lilly denies the allegations in Paragraph 12 of the Complaint.

13. Lilly denies the allegations in Paragraph 13 of the Complaint.

14. Lilly denies the allegations in Paragraph 14 of the Complaint.

### COUNT III - BREACH OF WARRANTY (LISA M. DEAN)

15. Lilly repeats and realleges its answers in Counts I and II above.

16. Lilly denies the allegations contained in Paragraph 16 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

17. Lilly denies the allegations in Paragraph 17 of the Complaint.

18. Lilly denies the allegations in Paragraph 18 of the Complaint.

19. Lilly denies the allegations in Paragraph 19 of the Complaint.

### COUNT IV - MISREPRESENTATION (LISA M. DEAN)

20. Lilly repeats and realleges its answers in Counts I, II and III above.

21. Lilly denies the allegations in Paragraph 21 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

2054310v1

22. Lilly denies the allegations in Paragraph 22 of the Complaint.

23. Lilly denies the allegations in Paragraph 23 of the Complaint.

24. Lilly denies the allegations in Paragraph 24 of the Complaint.

### COUNT V – PUNITIVE DAMAGES (LISA M. DEAN)

25. Lilly repeats and realleges its answers in Counts I, II, III and IV above.

26. Lilly denies the allegations in Paragraph 26 of the Complaint.

### COUNT VI – LOSS OF CONSORTIUM (JEFFREY R. DEAN)

27. Lilly repeats and realleges its answers in counts I, II, III, IV and V above.

28. Lilly denies the allegations in paragraph 28 of the Complaint.

### COUNT VII – NEGLIGENCE (LYNN ALISON BACKNER)

29. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations in paragraph 29 of the Complaint.

30. Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

### COUNT VIII - STRICT LIABILITY (LYNN ALISON BACKNER)

32. Lilly repeats and realleges its answers in Count VII above.

33. Lilly denies the allegations in Paragraph 33 of the Complaint.

34. Lilly denies the allegations contained in Paragraph 34 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 34 of the Complaint.

35. Lilly denies the allegations in Paragraph 35 of the Complaint.

2054310v1

36. Lilly denies the allegations in Paragraph 36 of the Complaint.

37. Lilly denies the allegations in Paragraph 37 of the Complaint.

38. Lilly denies the allegations in Paragraph 38 of the Complaint.

39. Lilly denies the allegations in Paragraph 39 of the Complaint.

**COUNT IX - BREACH OF WARRANTY (LYNN ALISON BACKNER)**

40. Lilly repeats and realleges its answers in Counts VII and VIII above.

41. Lilly denies the allegations contained in Paragraph 41 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

42. Lilly denies the allegations in Paragraph 42 of the Complaint.

43. Lilly denies the allegations in Paragraph 43 of the Complaint.

44. Lilly denies the allegations in Paragraph 44 of the Complaint.

**COUNT X - MISREPRESENTATION (LYNN ALISON BACKNER)**

45. Lilly repeats and realleges its answers in Counts VII, VIII and IX above.

46. Lilly denies the allegations in Paragraph 46 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

47. Lilly denies the allegations in Paragraph 47 of the Complaint.

48. Lilly denies the allegations in Paragraph 48 of the Complaint.

49. Lilly denies the allegations in Paragraph 49 of the Complaint.

### COUNT XI – PUNITIVE DAMAGES (LYNN ALISON BACKNER)

50.  Lilly repeats and realleges its answers in Counts VII, VIII, IX and X above.

51.  Lilly denies the allegations in Paragraph 51 of the Complaint.

### COUNT XII – LOSS OF CONSORTIUM (LYNN ALISON BACKNER)

52.  Lilly repeats and realleges its answers in counts VII, VIII, IX, X and XI above.

53.  Lilly denies the allegations in paragraph 53 of the Complaint. Further answering, Lilly denies that Plaintiffs are entitled to judgment of any kind against Lilly.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### THIRD DEFENSE

The Plaintiffs Claims are barred by the applicable statute of limitations or laches.

### FOURTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

2054310v1

## FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, Plaintiffs' claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom Defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over Defendant Eli Lilly.

## SEVENTH DEFENSE

Venue is improper.

## EIGHTH DEFENSE

Plaintiffs' claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 e seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

## JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiffs' Complaint, Lilly prays as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

2054310v1

Respectfully submitted,

*/s/ Emily J. Laird*

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036

**Attorney for Plaintiffs**

_____
ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY

2054310v1