UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * * * * * * * * * * * *

LISA M. DEAN and JEFFREY R. DEAN

and

LYNN ALISON BACKNER and
JAMES STEVEN BACKNER

Plaintiffs,

vs.

ELI LILLY AND COMPANY,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * *

CIVIL ACTION 1:06CV01375

JUDGE: Emmet G. Sullivan

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S
<u>MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS</u>**

This product liability action, in which a Massachusetts resident and a New Hampshire resident, sisters who were both born in Massachusetts, allege injuries as a result of their alleged exposure to a synthetic estrogen, diethylstilbestrol ("DES"), during their mother's pregnancies with them in Massachusetts, has no connection to the District of Columbia and should be transferred to the United States District Court for the District of Massachusetts. Specifically, under 28 U.S.C. § 1404(a), this Court may transfer this action to the District of Massachusetts "[f]or the convenience of parties and witnesses, in the interest of justice." The relevant factors in this case demonstrate that the United States District Court for the District of Massachusetts is a more convenient forum for the parties and witnesses and that the interest of justice would be served by transfer:

- Plaintiffs Lynn and James Backner reside in Attleboro, Massachusetts;

134390v2

- Plaintiff Lisa Dean, sister of Plaintiff Lynn Backner, resided in Massachusetts for 34 years, and currently resides along with Plaintiff Jeffrey Dean in Dover, New Hampshire, which is much closer to the United States District Court for the District of Massachusetts than to this Court;

- Plaintiffs' father, a witness with substantial knowledge of facts at issue in this matter, resides in Massachusetts;

- Prior to her death, plaintiff's mother, a witness who had substantial knowledge of facts at issue in this case, resided in Massachusetts;

- The vast majority of Plaintiff Lynn Backner's doctors – who purportedly diagnosed and treated her alleged injuries – are located in Massachusetts. Each of her non-Massachusetts doctors are located within the subpoena power of the District Court for the District of Massachusetts;[1]

- The overwhelming majority of Plaintiff Lisa Dean's doctors – who purportedly diagnosed and treated her alleged injuries – are either in Massachusetts or within the subpoena power of the District Court for the District of Massachusetts;[2]

- The events allegedly giving rise to plaintiffs' cause of action -- the prescription, purchase, and alleged exposure to DES -- occurred in Massachusetts;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court;

- This case has no apparent connection to the District of Columbia except that the case was filed here; and

- The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to this forum.

Accordingly, in the interests of justice and for the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the District of Massachusetts.

---

[1] Indeed, six of the eight doctors plaintiff Backner lists in response to Defendant's Interrogatories are in Massachusetts. (**Exhibit 1, No. 7**). The remaining two doctors are located in Pawtucket and Providence, Rhode Island; both are within the subpoena power of the United States District Court for the District of Massachusetts. *See* Fed. R. Civ. P. 45(b).

[2] Three doctors plaintiff Dean lists in response to Defendant's Interrogatories are in Massachusetts. (**Exhibit 2, No. 7**). The other five doctors are located in New Hampshire. (*See id.*) All but one are within the subpoena power of the United States District Court for the District of Massachusetts. *See* Fed. R. Civ. P. 45(b). Furthermore, none are within the subpoena power of this Court.

2

134390v2

I.  **THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION AND TRANSFER THIS ACTION TO THE DISTRICT OF MASSACHUSETTS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether to transfer an action to a more convenient forum falls within the wide discretion of the district court. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) ("District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens"). Transfer is proper where the action might have been brought originally in the transferee district; where the transferee district is more convenient for witnesses likely to be called at trial; where there is no nexus between the transferor district and the cause of action; and where the interests of justice would be served by transfer. *See* 28 U.S.C. § 1404(a).

In *Thompson v. Eli Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.), this Court granted Lilly's Motion to Transfer a DES case from the District of Columbia because there was a greater connection between the facts of that case and the transferee forum, the District of New Jersey. The Court noted: "While it is significant that New Jersey has such strong connections to this case, equally significant is that the District of Columbia has no such connection to this matter." (*See* **Attachment A** to Affidavit of Emily J. Laird in Support of Defendant Eli Lilly and Company's Motion to Transfer, attached as **Exhibit 3**). *See also Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.) (noting that despite previous denials of motions to transfer in DES cases, where there is a strong connection to a particular jurisdiction and no connection to the District of Columbia, transfer is appropriate). (**Attachment B** to Exhibit 3); *Lentz v. Eli Lilly and Company*, Civil Action No. 06-1374 (D.D.C. December 18, 2006) (Huvelle, J.) (holding that

Case 1:06-cv-01375-EGS   Document 15-2   Filed 12/19/2006   Page 4 of 13

"[t]he plaintiff's choice in forum therefore carries little, if any, weight" and that Lilly's contacts in the District of Columbia "do not tip the balance in favor of maintaining this case in the District of Columbia, particularly when compared with the nucleus of facts, witnesses, and documents located" another jurisdiction) (**Attachment C** to Exhibit 3).

In both *Thompson* and *Abramson*, this Court distinguished earlier decisions denying Lilly's motions to transfer DES cases out of the District of Columbia. For example, in *Thompson*, Judge Walton noted that *Thompson* was "clearly distinguishable" from *Ingram v. Eli Lilly and Company*, 251 F. Supp. 2d 1 (D.D.C. 2003), because the witnesses in *Ingram* were no longer in Washington state, where plaintiff was exposed to DES, but were spread throughout the country. Similarly, in *Abramson*, Judge Bates distinguished the facts of that case from cases where motions to transfer had been denied because *Abramson* had no connection to the District of Columbia, but had a strong connection to another forum. "Unlike many of the other DES cases, where relevant witnesses are spread around the country (even in the District of Columbia), this is a case with a single forum that is plainly most convenient for the witnesses." (*See* Attachment B to Exhibit 3, p. 4). Furthermore, this Court has recently transferred a case similar to this one to the District of Massachusetts. *See Corbett v. Eli Lilly and Company*, Civil Action No. 05-cv-01584 (D.D.C. June 6, 2006) (Robertson, J.). (**Attachment D** to Exhibit 3).

As set forth below, this case has no connection to the District of Columbia, but a strong connection to the District of Massachusetts. It would be more convenient for the parties to litigate this action in Massachusetts where many of the crucial fact witnesses reside or can be summoned by the Court's subpoena power.[3]

---

[3] This court has recently noted that the fact that the subpoena power of the transferee court reaches the non-party witnesses is a factor weighing in favor of transfer. (**Attachment C** to Exhibit 3, p.3).

4

134390v2

A. **This Action "Might Have Been Brought" Originally In The United States District Court For The District Of Massachusetts**

Section 1404(a) permits transfer to a district or division where the case could have been brought in the first instance. 28 U.S.C. § 1404(a). Plaintiffs could have brought this action originally in the District of Massachusetts. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a)(2), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in...a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).

Here, plaintiffs' mother was allegedly prescribed DES, purchased DES and ingested DES in Massachusetts, where she resided throughout her pregnancies with plaintiffs. (*See* Plaintiff Lynn Backner's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories, Nos. 17, 20, attached as **Exhibit 1**; Plaintiff Lisa Dean's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories, Nos. 17, 20, attached as **Exhibit 2**; Complaint, ¶¶ 4, 29.) Plaintiffs were allegedly exposed to and injured by DES in utero in Massachusetts. (Exhibit 1, Nos. 11, 12, 20; Exhibit 2, Nos. 11, 12, 20; Complaint ¶¶ 3-4, 29). Moreover, plaintiff Lynn Backner and plaintiffs' father reside in Massachusetts. (Exhibit 1, Nos. 2, 9). The vast majority of plaintiff Lynn Backner's treating physicians, who allegedly diagnosed and treated her alleged injuries, are in Massachusetts. (Exhibit 1, Nos. 7, 18). Indeed, all of plaintiff Lynn Backner's treating physicians are within the subpoena power of the United States District Court for the District of Massachusetts.[4] Plaintiff Lisa Dean lived in Massachusetts for 34 years, from 1969 until 2003. She currently resides in New Hampshire, which is much closer to the District of Massachusetts than to this Court. (Exhibit 2, No. 2).

---

[4] *See* n. 1, *supra*.

Furthermore, all but one of plaintiff Lisa Dean's treating physicians, who allegedly diagnosed and treated her alleged injuries, are in Massachusetts or within the reach of the subpoena power of the United States District Court for the District of Massachusetts. (Exhibit 2, Nos. 7, 9).[5] Clearly, a substantial part of the events related to plaintiffs' claim occurred in Massachusetts and venue is appropriate there.

Additionally, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[6] Plaintiff Lynn Backner resides in and is domiciled in Massachusetts; Plaintiff Lisa Dean resides in and is domiciled in New Hampshire; Lilly is incorporated and has its principal place of business in Indiana. Further, to the extent permitted by the United States Constitution, Massachusetts's long-arm statute reaches alleged torts the alleged consequences of which occur within the Commonwealth of Massachusetts. *See* M.G.L.A. 223A § 3. Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to venue and subject matter and personal jurisdiction.

B.     **The District Of Massachusetts Is Far More Convenient For The Witnesses Likely To Be Called To Testify At Trial**

Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action. In doing so, courts have also looked at ease of access to sources of proof and the amount of expense for willing witnesses. *See Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989); *see also Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996) (listing as private interest considerations the ease of access to sources of proof and whether the claim

---

[5] *See* n. 2, *supra*.

[6] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that plaintiffs cannot recover more than $75,000. However, Lilly denies that plaintiffs are entitled to recover any damages.

arose elsewhere). As confirmed by plaintiffs' Answers to Lilly's Interrogatories, many of the potential witnesses and sources of proof concerning the injuries alleged in this case are located in the District of Massachusetts.

There are a number of major issues in DES causes of action, the resolution of which typically requires deposing witnesses, calling witnesses to trial, and examining medical records. First, for example, is the issue of exposure, *i.e.*, whether the plaintiffs' mother actually ingested diethylstilbestrol during her pregnancies with the plaintiffs. Because plaintiffs' mother – a Massachusetts resident prior to her death – is deceased, the principal witness on this point is plaintiffs' father, Richard Pfeffer, who resides in the District of Massachusetts. (*See* Exhibit 1, No. 18; Exhibit 2, No. 18). Additionally, testimony from the prescribing physician, if alive, and medical records for plaintiffs' mother's pregnancies with plaintiffs are also relevant to this issue. These are all in Massachusetts. Plaintiffs' father and plaintiffs' mother's prescribing physician cannot be compelled to testify at trial in the District Court for the District of Columbia, while they can be so compelled in the District of Massachusetts.

Another issue is who manufactured the DES that plaintiffs' mother allegedly ingested. The principal witnesses on this point are pharmacists and pharmacy employees who worked at the pharmacy where plaintiffs' mother allegedly filled her prescription. In this case, plaintiffs allege that their mother received DES from Thayer's Pharmacy in Weymouth, Massachusetts. (Exhibit 1, No. 20; Exhibit 2, No. 20). Any Massachusetts pharmacy witnesses who may be identified cannot be compelled to testify at trial in the District of Columbia, but can be so compelled in the District of Massachusetts.

A third issue concerns the nature and extent of plaintiffs' alleged injuries and the causes of their alleged injuries. Here, plaintiffs' case depends on testimony and medical records from the physicians who diagnosed, treated and evaluated plaintiffs. Plaintiff Lynn Backner's

7

134390v2

treating physicians and medical records are primarily in Massachusetts. (Exhibit 1, Nos. 7, 9). Plaintiff Lisa Dean's treating physicians and medical records are either in Massachusetts or in New Hampshire. (Exhibit 2, Nos. 7, 9). **None** of the physicians whom plaintiffs identify as having treated their alleged injuries are located in the District of Columbia. *See id.* Lilly intends to depose plaintiffs' physicians and believes it will be necessary to call them to testify at trial. For purposes of compelling these witnesses to testify at trial, all but one of these witnesses are subject to the subpoena power of the United States District Court for the District of Massachusetts, but none are subject to the subpoena power of this Court in the District of Columbia.

In sum, Lilly is not aware of a single fact witness who resides in or is subject to the subpoena power of the District of Columbia. Thus, when considering the convenience of the witnesses as a whole, the District of Massachusetts is by far the most convenient forum for this litigation.

C. **Plaintiffs' Choice Of Forum Is Entitled To Little Deference Because There Is No Nexus Between The District Of Columbia And The Cause Of Action**

Plaintiffs have chosen to sue in a forum with no factual nexus with their claims. As this Court wrote in *Abbott Labs.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989), "[W]hile the plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit, plaintiffs' choice of forum may be accorded less weight in a section 1404(a) analysis....In fact, the presumption may switch to Defendant's favor when neither party resides in the chosen forum and the cause of action arises elsewhere." *Id.* (citations and internal quotations omitted). In *McClamrock v. Eli Lilly and Company*, 267 F. Supp. 2d 33, 37 (D.D.C. 2003), this Court cautioned that a plaintiff should not "blindly assume" that because she chose the District of Columbia in which to file suit, that her choice of venue will not be

disturbed. "[P]laintiff's choice of forum is not accorded substantial deference where 'the plaintiff's choice of forum has 'no meaningful ties to the controversy and no particular interest in the parties or the subject matter.'" *Id. See also Boers v. U.S.*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) ("even though a court should typically give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum."); *Trout Unlimited*, 944 F. Supp. at 17 ("[D]eference to the plaintiff's choice of forum...is mitigated...[and] the showing defendants must make is lessened when the plaintiff's choice of forum has no factual nexus to the case, and, where...transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state.). *Id.* (citations and internal quotations omitted). That a plaintiff's choice of forum is not entitled to substantial deference where the plaintiff does not reside in the forum has been recognized by this Court in granting Lilly's motions to transfer other DES cases. *See Thompson*; Attachment A to Exhibit 3, p. 2 (refusing to give deference to Plaintiff's selected forum where there is no nexus between the chosen jurisdiction and the facts and circumstances of the case); *Abramson*, Attachment B to Exhibit 3, pp. 2-3 (same); *Lentz*, Attachment C to Exhibit 3, p. 5 (holding that, since "[t]he District of Columbia's ties to this case are minimal, while [the transferee district's] interests are considerable," "[t]he plaintiff's choice of forum therefore carries little, if any, weight and is insufficient to overcome the factors that weigh in favor of transfer.").[7]

---

[7] To the extent that plaintiffs claim a connection to the District of Columbia based on regulatory action by the FDA in the District of Columbia, courts in the District of Columbia have rejected governmental contacts as a basis for venue in the District of Columbia. *See In re AT&T Access Charge Litig.*, No. Civ. A. 05-1360, 2005 WL 3274561, *3 (D.D.C. Nov. 16, 2005) (Huvelle, J.) (to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action."). *See also DeLoach v. Philip Morris Co.*, 132 F. Supp. 2d 22 (D.D.C. 2000); *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Indeed, in *Thompson, Abramson*, and *Lentz*, this Court rejected the argument that FDA regulatory action regarding DES established a connection between DES lawsuits and the District of Columbia. *See* Attachment A to Exhibit 3, at p. 5; Attachment B to Exhibit 3, at p. 4 n.6; Attachment C to Exhibit 3, at p. 4

134390v2

Plaintiffs do not reside in the District of Columbia and none of the events concerning plaintiffs' alleged injuries as a result of in utero exposure to diethylstilbestrol are alleged to have occurred in the District of Columbia. Therefore, plaintiffs' chosen forum is not entitled to deference.

### D. Transferring This Action To The United States District Court For The District Of Massachusetts Is In The Interests Of Justice

Lastly, the interests of justice dictate that this action be transferred to the District of Massachusetts. The Court of Appeals for this Circuit held in *Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980), that in weighing the public interest, courts should consider (1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion.

These factors point toward the District of Massachusetts and away from the District of Columbia. First, the state of Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and effectively. The next factor, the applicable law, favors Massachusetts because Massachusetts state tort law is likely to be applied. Specifically, under the District of Columbia governmental interests choice of law analysis, a court must consider four factors to determine which state's substantive law applies: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of

---

(rejecting the argument that "the District of Columbia was the 'place of the industry approval efforts' and [plaintiff's] suggest[ion] that an 'army' of DES lobbyists and salespeople who may be potential witnesses reside within this Court's subpoena power."). In both *Thompson* and *Abramson*, the Court also rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Attachment A to Exhibit 3, at p. 5; Attachment B to Exhibit 3, at pp. 2-3.

the parties; and (4) the place where the relationship, if any, between the parties is centered. *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971). These factors weigh heavily in favor of Massachusetts law; indeed, not a single factor favors application of District of Columbia law. *See Thompson*, Attachment A to Exhibit 3, at p. 5 n.5 (court found, under similar facts, that the District of Columbia choice of law analysis "would seemingly compel this court to apply Massachusetts law").

Additionally, it is inequitable to saddle the District of Columbia and its resources, including its jurors, with the burden of disposing of a case that has no connection whatsoever to the forum. As Judge Walton noted in *Thompson*, the District of Columbia's court calendar is "quite congested" and there is no reason that the District of Massachusetts cannot adequately resolve this case. *See* Attachment A to Exhibit 3, p. 4 n.4. Similarly, in *Abramson*, Judge Bates held that "given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge Kay, with this case."[8]  Attachment B to Exhibit 3, pp. 4-5.

## CONCLUSION

This case has a substantial connection to the District of Massachusetts and no connection to the District of Columbia. The interests of justice and the convenience of the parties and witnesses support transfer of this case to the District of Massachusetts. Accordingly, Lilly respectfully requests the Court to transfer this action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

Dated: December ___, 2006

---

[8] As Judge Bates noted, Magistrate Kay's experience mediating DES cases is not sufficient reason to keep a case in the District of Columbia that, for the convenience of the parties and in the interest of justice, should be transferred. *See also Thompson*, Attachment A to Exhibit 3, at p. 4, n.4 (noting that Judge Kay's experience did not warrant denial of a motion to transfer).

11

134390v2

Respectfully submitted,

 /s/ Emily J. Laird
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
Mark C. Hegarty
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
Phone: (816) 474-6550
Fax: (816) 421-5547
**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

134390v2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 19th day of December, 2006, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

/s/ Emily J. Laird
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**