# Exhibit 3

To
## Memorandum of Points and Authorities
in Support of Defendant Eli Lilly and Company's
Motion to Transfer to the District of Massachusetts

Filed in:
*Lisa M. Dean, et al. v. Eli Lilly and Company*
U.S. District Court for the District of Columbia
Civil Action No. 06-CV-1375-EGS

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **LISA M. DEAN and JEFFREY R. DEAN** * | |
| * | |
| **and** * | |
| * | |
| **LYNN ALISON BACKNER and** * | |
| **JAMES STEVEN BACKNER** * | |
| * | **CIVIL ACTION 1:06CV01375** |
| Plaintiffs, * | |
| * | **JUDGE: Emmet G. Sullivan** |
| **vs.** * | |
| * | |
| **ELI LILLY AND COMPANY,** * | |
| * | |
| **Defendant**. * | |

\* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF EMILY J. LAIRD IN SUPPORT OF
## DEFENDANT ELI LILLY AND COMPANY'S MOTION TO TRANSFER

I, Emily J. Laird, being first sworn on oath, say that the following is true and correct:

1. I am an attorney in the firm of Shook, Hardy & Bacon, LLP, counsel for defendant Eli Lilly and Company ("Lilly") in the above-captioned action.

2. **Attachment A** is a true copy of this Court's decision in *Thompson v. Eli Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.).

3. **Attachment B** is a true copy of this Court's decision in *Abramson v. Eli Lilly and Company,* Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.).

4. **Attachment C** is a true copy of this Court's decision in *Lentz v. Eli Lilly and Company,* Civil Action No. 06-CV-1374 (D.D.C. Dec. 18, 2006) (Huvelle, J.).

134391v1

5.    **Attachment D** is a true copy of this Court's decision in *Corbett v. Eli Lilly and Company*, Civil Action No. 05-cv-01584 (D.D.C. June 6, 2006) (Robertson, J.).

Executed on December ___, 2006

*Emily J. Laird*

Emily J. Laird

DISTRICT OF                    )
                               )ss.
<u>COLUMBIA</u>                      )

On this 19th day of December, 2006, before me, a notary public in and for said state, personally appeared Emily J. Laird, to me personally known, who being duly sworn, acknowledged that she had executed the foregoing instrument for purposes therein mentioned and set forth.

*Kay D. Dallosta*

NOTARY PUBLIC

My Commission Expires:

KAY D. DALLOSTA
Notary Public District Of Columbia
My Commission Expires June 14 200?

- 2 -

134391v1

## CERTIFICATE OF SERVICE

        I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this _19th_ day of December, 2006, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**


                          /s/ Emily J. Laird
                        **ATTORNEY FOR DEFENDANT**
                        **ELI LILLY AND COMPANY**

134391v1

# Attachment A

To
Affidavit of Emily J. Laird in Support of
Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Lisa M. Dean, et al. v. Eli Lilly and Company*
U.S. District Court for the District of Columbia
Civil Action No. 06-CV-1375-EGS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NANCY THOMPSON and | ) | |
| MARK A. THOMPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-122 (RBW) |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The plaintiffs, Nancy and Mark Thompson, have brought this product liability

action against the defendant, Eli Lilly and Company, for injuries that Mrs. Thompson

alleges she suffered as a result of her mother's use of diethylstilbestrol ("DES ) during

her mother's pregnancy with Mrs. Thompson.  The defendant seeks to have this case

transferred to the District of Massachusetts "[b]ecause it would be more convenient for

the parties to litigate this action in the District of Massachusetts -- where the alleged

exposure in utero to (DES) took place, where almost all of the fact witnesses reside -- and

because there is absolutely no connection between the District of Columbia and

plaintiffs' claims.   Motion of Defendant Eli Lilly and Company to Transfer Action,

Memorandum of Points and Authorities in Support of Eli Lilly and Company's Motion to

Transfer ("Def.'s Mem. ) at 2-3.  Upon consideration of the parties' submissions and for

the reasons set forth below, the Court will transfer this case to the District of

Massachusetts.

1

28 U.S.C. § 1404(a) (2000) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.   A district court is given broad discretion when considering whether to grant or deny a motion to transfer, which entails first determining whether the action could have been brought in the proposed transferee district and, if so, examining several private and public interest factors. While deference is typically given to a plaintiff's choice of forum and the moving party "bears the burden of demonstrating that transfer pursuant to Section 1404(a) is warranted[,] Gemological Institute of America v. Thi-Dai Phan, 145 F. Supp. 2d 68, 71 (D.D.C. 2001), courts recognize that less deference is given when the chosen forum is not the plaintiff's home forum, Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). With these considerations in mind, the Court will first examine whether this case could have been brought in the District of Massachusetts.

**(A)     Could This Action Have Been Brought in the District of Massachusetts?**

Before a case may be transferred to another judicial district, a court must determine whether the transferee district is a proper venue and can exercise personal jurisdiction. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred... In this case, it is undisputed that this action could have been brought in Massachusetts. This is because the alleged events that gave rise to the plaintiffs' claims occurred there, as Mrs. Thompson's mother received and ingested the DES in Massachusetts. Def.'s Mem. at 1. And, pursuant to Massachusetts' long-arm statute, it is also undisputed that a federal court in Massachusetts would be able to exercise personal jurisdiction over the defendant,

2

as Eli Lilly acknowledges that it had sufficient contacts with Massachusetts through its sales of DES in that jurisdiction. Id. at 3. (citing Mass. Gen. Laws ch. 223A, § 3 (Massachusetts long-arm statute governing torts allegedly committed in Massachusetts)). Having concluded that this action could have been brought in Massachusetts, the Court will now evaluate whether the private and public interest factors favor the transfer of this action.

**(B)**     <u>Do the Interests of the Parties and the Public Favor of Transferring this Case to the District of Massachusetts?</u>

In considering a motion to transfer, a Court must examine several factors, such as: "[t]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial. <u>Boers</u>, 133 F. Supp. 2d at 65 (D.D.C. 2001) (citation omitted).

Upon evaluating these factors, it is abundantly clear that this case should be transferred to the District of Massachusetts. Massachusetts is the situs where the DES was ingested and therefore the location where any injury resulting from its use occurred. Nearly all of the fact witnesses reside in Massachusetts, including the plaintiffs, Mrs. Thompson's mother, all of the physicians who have treated Mrs. Thompson for the injury she allegedly sustained, and Mrs. Thompson's primary care physicians. Def.'s Mem. at 1-2. Furthermore, the ability to access much of the physical proof with the least effort favors transfer to Massachusetts, as that is where Mrs. Thompson and her mother's

3

medical records are located. And, the pharmacies that sold Mrs. Thompson's mother the DES are also located there.[1]

In addition, because the majority, if not all of the witnesses reside in Massachusetts, any concerns regarding the availability of compulsory process and the expense of securing the presence of the witnesses also favor transfer to Massachusetts. While the plaintiffs focus on the relative congestion of the two courts' calendars as grounds for the case not being transferred,[2] the Court notes that this case is at an early stage of the litigation[3] and this Court's calendar is actually quite congested.[4]

Other relevant factors also weigh in favor of transferring this case to Massachusetts. Not only do the local interests in this matter strongly favor transferring

---

[1] Defendant notes that the three major issues in DES cases are: the questions of exposure, product identification, and the nature and extent of Mrs. Thompson's alleged injuries. Regarding exposure, defendant anticipates the need to obtain relevant medical records and to depose the physicians that are still alive who treated plaintiff's mother during her pregnancy. Def.'s Mem. at 5. As for product identification, defendant maintains it will need to depose the dispensing pharmacist or other pharmacy employees regarding the dispensing practices of the pharmacy or pharmacies in question. Id. Finally, regarding Mrs. Thompson's injuries, defendant contends that proof of the alleged injuries will come to the fact-finder in the form of medical records located in Massachusetts and from the testimony of Mrs. Thompson's and her mother's physicians. Three of the seven physicians identified by the plaintiffs who treated Mrs. Thomson are still living and believed to currently practice in Massachusetts. Id. at 6. In addition, most, if not all of the other witnesses and non-witness evidence are also located in Massachusetts.

[2] Plaintiffs' counsel seeks to make a comparison between the efficiency and speed of this Court and the District of Massachusetts in resolving DES cases. The basis offered for this comparison is two DES cases originally filed in this Court on October 7, 2002. Compare Christine Foti et ux v. Eli Lilly and Company, Civ.A. No. 02-1977, with Hillary Blank et ux v. Eli Lilly and Company, Civ.A. No. 02-1976. In the first case a motion to transfer the case to Massachusetts was granted on November 22, 2002, and according to the plaintiffs, no action has yet been taken by the Massachusetts district court. And, in an effort to make a comparison between the two jurisdictions, the plaintiffs assert that in the second case a settlement conference has been scheduled for August 5, 2003, before another member of this Court.

[3] This case is currently in the early stages of litigation as the close of discovery is not scheduled to occur until October 15, 2003.

[4] Neither party disputes that the assigned judicial settlement officer, Magistrate Judge Kay, has experience settling DES cases, which admittedly could contribute to the expeditious resolution of this action. However, the District of Massachusetts has been exposed to substantial DES litigation as well, see, e.g., Payton v. Abbott Labs., 100 F.R.D. 336 (D. Mass. 1983), and has had at least five DES cases transferred to it from this district in the last year and a half. Defendant's Reply in Support of its Motion to Transfer ("Def.'s Reply ) at 4. Therefore, the plaintiffs have failed to demonstrate that calender congestion in the District of Massachusetts would unduly delay the resolution of this case or that this court is better equipped to ensure the timely processing of a DES case.

this case to Massachusetts, but it also appears that Massachusetts state law will govern the plaintiffs' claims.[5]  And a Massachusetts court is better equipped to apply Massachusetts law, as another member of this Court has commented, the interests of justice "[a]re best served by having a case decided by the federal court in the state whose laws govern the interests at stake.  Trout Unlimited v. United States Dep't of Agriculture, 944 F. Supp. 13, 19 (D.D.C. 1996).

　　　While this Court finds it significant that Massachusetts has such strong connections to this case, equally significant is that the District of Columbia has no such connection to this matter.  The plaintiffs assert that there is a connection between the District of Columbia and their claims because this jurisdiction is where the original industry wide promotion of DES occurred and where defendant lobbied and applied for Food and Drug Administration approval to sell and promote DES.  Plaintiffs' Opposition to Defendant's Motion to Transfer ("Pls' Opp'n ) a t 4.  Plaintiffs also argue that the defendant spent over $6,500,000 in 2001 on marketing and lobbying efforts in the District of Columbia and currently employs at least 58 lobbyists in this jurisdiction.  Id. at 5.  Plaintiffs further note that the defendant itself has selected the District of Columbia as its home forum in litigation against its insurers involving coverage of the DES claims that have been filed against it.  Id.  This Court is unconvinced that these contacts, which have no direct connection to this case, favor maintaining this case in the District of Columbia.

---

[5] If this case remained in the District of Columbia, Massachusetts substantive law would most likely govern this litigation.  To determine what law this Court would have to apply, it must use the District of Columbia's choice of law analysis.  See Ideal Electronic Security Co. v. International Fidelity Ins. Co., 129 F.3d 143, 148 (D.D.C. 1997).  And this analysis would seemingly compel this court to apply Massachusetts law.

Finally, the Court notes that this case is clearly distinguishable from a recent DES case in which this Court denied transfer pursuant to 28 U.S.C. § 1404(a). In Ingram v. Eli Lilly & Co., No. Civ.A. 02-2023, 2003 U.S. Dist. LEXIS 1619, (D.D.C. January 28, 2003) (Walton, J.), the plaintiff's injuries arose in Seattle, Washington. Id. at *5. However, the plaintiff's mother lived in Oklahoma; the prescribing obstetrician was located in California; plaintiff's expert witnesses resided in Texas, Arkansas, Pennsylvania and Alabama; and none of the expert witnesses that the defendant customarily used were located in the State of Washington State. Id. Thus, although the State of Washington was the location where the DES was prescribed and ingested, none of the vital witnesses remained in that jurisdiction. Id. In this case, there is no such concern over a lack of a substantial connection to one particular jurisdiction. Therefore, the plaintiffs' reliance on Ingram is misplaced.

Accordingly, it is, hereby this 27th day of June, 2003,

**ORDERED** that the defendant's motion to transfer the case is **GRANTED**. It is

**FURTHER ORDERED** that this case shall be transferred to the District of Massachusetts.

REGGIE B. WALTON
United States District Judge

6

# Attachment B

To
Affidavit of Emily J. Laird in Support of
Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Lisa M. Dean, et al. v. Eli Lilly and Company*
U.S. District Court for the District of Columbia
Civil Action No. 06-CV-1375-EGS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE ABRAMSON, et al.,

Plaintiffs,

v.

ELI LILLY AND COMPANY,

Defendant.

Civil Action No.  03-2541 (JDB)

## MEMORANDUM OPINION

This in utero diethylstilbestrol (DES) exposure case brought by plaintiff Valerie Abramson

and her husband Chett Abramson ("plaintiffs") against defendant Eli Lilly and Company is one of

many currently pending in this Court.  Following initial discovery, defendant has moved to

transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the

District of New Jersey, which defendant submits is a more convenient forum.[1]  The Court agrees

based on the specific facts of this case.

## FACTUAL BACKGROUND

There is no dispute as to certain facts central to the disposition of defendant's motion.

Plaintiffs reside in New Jersey, as do plaintiff Valerie Abramson's parents.  Ms. Abramson's

gynecologist during the relevant 1988 to 2001 period practices in New Jersey.  The other relevant

physicians identified by plaintiffs in interrogatory responses all practice in New Jersey and reside

in New York (well within the subpoena power of the District of New Jersey pursuant to

---

[1]  Briefing on the motion was completed on August 31, 2004.

-1-

Fed.R.Civ.P. 45(b)(2)). No non-party fact witness resides in the District of Columbia or is within the subpoena power of this Court. None of the events relating to plaintiffs giving rise to this specific action have any connection to the District of Columbia. As plaintiffs expressly agree, this case could have been brought in the District of New Jersey.

Plaintiffs do, however, claim some connection to the District of Columbia by virtue of defendant's lobbying and promotion efforts with the Food and Drug Administration ("FDA") relating to DES, which occurred largely in the District of Columbia, although for the most part long ago. Plaintiffs also point out that defendant has itself brought suit in the District of Columbia against its insurers over DES claims. Moreover, plaintiffs observe that many DES cases have been brought here, and that the judges of this Court, and particularly Magistrate Judge Kay, have developed an expertise in these cases.

## ANALYSIS

Most of the judges of this Court, including this judge,[2] have denied similar transfer motions in DES cases against Eli Lilly. Where there is no connection to this forum and a strong connection to one other forum, however, transfer has been granted. See Thompson v. Eli Lilly and Co., Civil Action No. 03-0122 (RBW) (D.D.C. June 27, 2003).

The Court agrees that this action could have been brought in the District of New Jersey.[3] However, plaintiffs' choice of forum is entitled to some weight, although it is given less deference when (as here) the chosen forum is not the plaintiff's home forum. See Piper Aircraft v. Reyno,

_____

[2] See Roing, et al. v. Eli Lilly & Co., Civil Action No. 02-2211 (JDB) (D.D.C.) (Order dated Jan. 28, 2003).

[3] There is no doubt that the District of New Jersey would have jurisdiction over the action and that venue is proper there.

-2-

454 U.S. 235, 255-56 (1981); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). On

the other hand, defendant has engaged in some lobbying and other efforts related to DES in the

District of Columbia. Moreover, it is the forum of choice for many DES cases against Eli Lilly,

and even has been the forum of choice by Eli Lilly for its litigation against insurers regarding

coverage for DES claims.[4] Although it does not appear likely that the District Judges of this Court

have developed much real expertise in the substance of these DES cases, certainly Magistrate

Judge Kay has considerable experience in the settlement context. Finally, it is undisputed that

plaintiffs and defendant both have counsel (the latter in the District of Columbia) experienced in

handling this type of litigation, and that those counsel have cooperated in other DES cases in the

District of Columbia with respect to making witnesses and documents (including medical records)

readily available. These relevant factors, taken together, do not weigh clearly in favor of transfer

to the District of New Jersey.

What may be different about this case, however, is the convenience of witnesses factor

under section 1404(a). Indeed, "the most critical factor to examine under 28 U.S.C. § 1404(a) is

the convenience of the witnesses." Chung v. Chrysler Corp., 903 F. Supp. 160, 164 (D.D.C.

1996). The ease of access to sources of proof, the expenses for willing witnesses, and whether the

claim arose elsewhere are all important considerations in this assessment. See Trout Unlimited v.

United States Dep't of Agriculture, 944 F. Supp. 13, 16 (D.D.C. 1996).

Here, all the relevant fact witnesses on exposure, injury and causation are more easily

---

[4] Eli Lilly opposed a motion to transfer in that case, defending its right to choose the
District of Columbia courts against allegations that it was engaged in forum shopping. Defendant
has explained, however, that the choice of forum there was based in part on the need to
accommodate travelers from around the globe.

-3-

accessed in New Jersey than in the District of Columbia -- plaintiffs, Ms. Abramson's parents, her gynecologist, and other treating physicians. No fact witness appears to be located in or close to the District of Columbia. The subpoena power of the New Jersey court reaches all those witnesses, while this Court's subpoena power does not.[5] The relevant medical records are also more readily obtained in New Jersey from the various physicians. Nor, quite obviously, did the claim, or any events giving rise to the claim, occur here.

Unlike many of the other DES cases, where relevant witnesses are spread around the country (even in the District of Columbia), this is a case with a single forum that is plainly most convenient for the witnesses -- the District of New Jersey. Moreover, that is the forum where most of the operative facts occurred, although some also apparently occurred in other states but not in the District of Columbia.[6] It is simply beyond cavil that transfer to the District of New Jersey will be considerably more convenient (and less expensive) for the witnesses. Importantly, that will also enable the relevant witnesses to be compelled to testify because they will be within the subpoena power of that court, which is not the case were the action to remain in this Court. Finally, given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge

_____

[5] Conceivably, then, some of those witnesses could decline to appear if the case went forward to trial in this Court.

[6] The Court does not find persuasive the argument that DES-related lobbying efforts to the FDA tie this case to the District of Columbia. Documents related to those efforts have already been produced to plaintiff's counsel. Likewise, a 1941 meeting of representatives of drug manufacturers in Washington, D.C., is too attenuated a basis for connecting this action to the District of Columbia.

-4-

Kay, with this case.[7]

Accordingly, defendant's motion to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) in the interests of justice and for the convenience of the parties and witnesses will be granted.  A separate order will be issued.


/s/    John D. Bates
JOHN D. BATES
United States District Judge

Dated:  October 25, 2004

---

[7]  Plaintiffs emphasize the several other cases in this District in which transfer has been denied, including a case brought by Ms. Abramson's sister.  The point remains, however, that section 1404(a) transfer motions are extremely fact-dependent, turning largely on the connection of the specific case to the transferee and transferor forums and the convenience and location of the relevant witnesses.

Copies to:

Patricia Martin Stanford
3609 Hendricks Avenue
Jacksonville, FL 32207
(904) 346-4215
Fax: (904) 346-4275
E-mail: pmslaw1@aol.com
                    *Counsel for plaintiffs*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
(202) 223-1200
Fax: (202) 785-6687
E-mail: lmartin@foleyhoag.com

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000
Fax: (617) 832-7000
E-mail: jdillon@foleyhoag.com
                    *Counsel for defendant*

# Attachment C

To
Affidavit of Emily J. Laird in Support of
Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Lisa M. Dean, et al. v. Eli Lilly and Company*
U.S. District Court for the District of Columbia
Civil Action No. 06-CV-1375-EGS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KAREN ANNE LENTZ and** | ) | |
| **GERALD A. LENTZ, Jr.** | ) | |
|  | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 06-1374 (ESH)** |
|  | ) | |
| **v.** | ) | |
|  | ) | |
| **ELI LILLY AND COMPANY,** | ) | |
|  | ) | |
| **Defendant.** | ) | |
|  | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Karen Anne and Gerald Lentz, who reside in Maine, filed this action in the
Superior Court for the District of Columbia for injuries associated with Mrs. Lentz's *in utero*
exposure to diethylstilbestrol ("DES"). Defendant Eli Lilly, an Indiana corporation, removed the
suit to this Court on the basis of diversity jurisdiction, and now moves to transfer it to the United
States District Court for the District of Maine pursuant to 28 U.S.C. § 1404(a). Defendant
argues that transfer to the District of Maine would serve the interests of justice and the
convenience of the parties because the purchase and ingestion of DES by Mrs. Lentz's mother
occurred in Maine, and the relevant medical records, as well as the key fact witnesses --
including Mrs. Lentz's mother, the doctor who prescribed DES to Mrs. Lentz's mother, and the
doctors who diagnosed and treated Mrs. Lentz's alleged injuries -- are all located in Maine.
(Def. Mot. at 1-2.) Plaintiffs state that they will voluntarily produce the relevant medical records
and make the fact witnesses available for deposition so their live testimony will not be necessary.
They also argue, *inter alia*, that the District of Columbia is the more convenient forum for the
many expert witnesses that are likely to testify in this case, that it is the site of the "original

industry-wide promotion of DES," and that the interpretation of the District of Columbia's
statute of limitations will be a central issue in the case.  Finally, they assert that their choice of
forum is entitled to deference.  (Pl. Opp. at 1-6.)

   The determination of whether an action should be transferred "is committed to the sound
discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).  Section
1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a
district court may transfer any civil action to any other district or division where it might have
been brought," and grants the district court discretion to "adjudicate motions to transfer
according to individualized, case-by-case consideration of convenience and fairness." *Reiffin v.
Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (quoting *Stewart Org., Inc. v. Ricoh
Corp.*, 487 U.S. 22, 29 (1988)) (internal quotation marks omitted).  As both parties point out,
there have been numerous transfer motions in DES cases before this Court over the years.
Consistent with the fact-specific approach required for deciding motions to transfer under
Section 1404(a), the disposition of these cases has varied according to the particular facts present
in the case.

   To succeed on a motion to transfer, defendant must first establish that the action could
have been brought in the proposed transferee district, *i.e.*, the District of Maine.  *DeLoach v.
Philip Morris Co.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000).  Second, it must "demonstrate that the
balance of convenience of the parties and witnesses and the interest of justice are in their favor."
*Consol. Metal Prods., Inc. v. Am. Petroleum Inst.*, 569 F. Supp. 773, 774 (D.D.C. 1983).  It is
undisputed that this action could have been brought in the District of Maine.  Therefore, it is
only the second inquiry that requires examination.

In evaluating a motion to transfer pursuant to Section 1404(a), a court must weigh a number of private and public interest factors. *See Reiffin*, 104 F. Supp. 2d at 51-52. The relevant private interest factors include, but are not limited to: (1) plaintiffs' privilege of choosing the forum; (2) defendant's preferred forum; (3) location where the claim arose; (4) convenience of the parties; (5) convenience of witnesses, but only to the extent that witnesses may be unavailable for trial in one of the fora; and (6) ease of access to sources of proof. Public interest considerations include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home. *See Airport Working Group of Orange County, Inc. v. U.S. Dep't of Def.*, 226 F. Supp. 2d 227, 229 (D.D.C. 2002) (citing *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)).

Applying these factors here, the Court finds that they weigh in favor of transfer to the District of Maine. Plaintiff does not dispute defendant's assertion that all of the fact witnesses who have been identified date, as well as both plaintiffs, reside in Maine. The subpoena power of the Maine court reaches all of those potential non-party witnesses, while this Court's does not. Plaintiffs' argument that the District of Columbia is more convenient for the likely expert witnesses is unavailing in comparison. While these potential expert witnesses, who by virtue of their role as paid experts must be prepared to travel to testify and are compensated for doing so, are spread out across many states (*see* Pl. Opp. at 5), one single state -- Maine -- is apparently home to all essential fact witnesses. The relevant medical records are also located in Maine. Therefore, convenience of the witnesses and ease of access to the sources of proof both weigh in favor of transfer.

-3-

Maine, the site of the alleged prescription, purchase, and ingestion of DES by Mrs.

Lentz's mother, is also the location where plaintiffs' specific claim arose, which further weighs

in favor of transfer. Plaintiffs argue that the District of Columbia was the "place of the industry

approval efforts for DES" and suggest, without identifying any, that an "army" of DES lobbyists

and salespeople who may be potential witnesses reside within this Court's subpoena power. (Pl.

Opp. at 6.) However, as Judge Walton noted in another recent DES case, these contacts, which

are not directly related to this particular case, do not tip the balance in favor of maintaining this

case in the District of Columbia, particularly when compared to the nucleus of facts, witnesses,

and documents located in Maine. *See Thompson v. Eli Lilly*, No. 03-122, at 5 (D.D.C. June 27,

2003).

In addition to the private interest factors that decidedly weigh in favor of transfer, the

public interest factors also favor transfer. Though the issue has not been decided, it appears that

while the D.C. statute of limitations may apply, Maine substantive law will govern this case.[1]

And as numerous courts have recognized, the "interests of justice are best served by having a

case decided by the federal court in the state whose laws govern the interests at stake." *Kafack v.

Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996); *see Trout*, 944 F. Supp. at 19.

Similarly, Maine has a greater interest than the District of Columbia in adjudicating the personal

injury claims of Maine citizens under its own tort law. *See Gulf Oil Corp. v. Gilbert*, 330 U.S.

501, 509 (1947).

---

[1] The relevant factors to be considered in the District of Columbia's choice of law
analysis would seem to favor the application of Maine substantive law in this case. *See Ideal
Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 148 (D.D.C. 1997); *Herbert v. District of
Columbia*, 808 A.2d 776, 779 (D.C. 2002).

In contrast, the sole factor that weighs against transfer is the plaintiffs' choice of forum. Ordinarily, a plaintiff's choice of forum is entitled to considerable deference. *See Piper Aircraft*, 454 U.S. at 255; *Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991). However, that deference is minimized where "the plaintiffs' choice of forum has no meaningful ties to the controversy and no particular interest in the parties or the subject matter,"and "the defendant['s] burden in a motion to transfer decreases when the plaintiffs' choice of forum has no meaningful nexus to the controversy and the parties." *Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001) (internal quotation marks and citations omitted); *see Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 141-42 (D.D.C. 2004); *Airport Working Group*, 226 F. Supp. 2d at 230. The deference owed to plaintiffs' choice of forum is further diminished where "transfer is sought to the forum where plaintiffs reside." *Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 561 F. Supp. 1238, 1239 (D.D.C. 1983); *see Payne v. Giant of Maryland, L.L.C.*, 2006 WL 1793303, at *4 (D.D.C. June 28, 2006); *Turner & Newall, P.L.C. v. Canadian Universal Ins. Co.*, 652 F. Supp. 1308, 1310 (D.D.C. 1987) (noting that the presumption against disturbing plaintiff's choice of forum "may switch to defendants' favor in the District of Columbia when neither party resides in the chosen forum and the cause of action arises elsewhere"). The District of Columbia's ties to this case are minimal, while Maine's interests are considerable, as the plaintiffs reside there, the injuries at issue occurred in Maine, and the doctors who prescribed DES to Mrs. Lentz's mother practiced in Maine. The plaintiff's choice of forum therefore carries little, if any, weight and is insufficient to overcome the factors that weigh in favor of transfer.

Accordingly, it is hereby **ORDERED** that defendant's motion to transfer [Dkt. # 17] is

**GRANTED**.  The Clerk of the Court is ordered to transfer this case to the United States District

Court for the District of Maine.

      **SO ORDERED**.

/s/
_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 18, 2006

# Attachment D

To
Affidavit of Emily J. Laird in Support of
Defendant Eli Lilly and Company's Motion to Transfer

Filed in:
*Lisa M. Dean, et al. v. Eli Lilly and Company, et. al.*
U.S. District Court for the District of Columbia
Civil Action No. 06-CV-1375-EGS

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 6 2006

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LISA CORBETT, et al.                       \*
                                            \*
              Plaintiffs,                   \*
                                            \*
      vs.                                   \*      Civil Action No. 05-cv-01584 (JR)
                                            \*
ELI LILLY AND COMPANY, et al.              \*
                                            \*
              Defendants.                   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

UPON CONSIDERATION of Defendant Eli Lilly and Company's Motion to

Transfer to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a),

IT IS HEREBY ORDERED that Eli Lilly and Company's Motion is granted;

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1404(a), this case is

transferred to the United States District Court for the District of Massachusetts.

Dated: _____June 5_____, 2006          _____

                                            United States District Judge

cc:    Appended list of counsel of record

1930502v1

## COUNSEL OF RECORD

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
**Attorneys for Defendant Eli Lilly and Company**

1930502v1