UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA DEAN, et al., | ) |
| Plaintiffs, | ) ) ) ) CIVIL ACTION No. 06-1375(EGS/AK) |
| v. | ) Next Event: Deadline for Plaintiff's 26(a)(2) |
| | ) February 26, 2007 |
| ELI LILLY AND COMPANY, | ) |
| Defendant. | ) |

### PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

**COME NOW** the Plaintiffs and oppose the motion of the Defendant Eli Lilly and Company ("Lilly") to transfer this cause to the District of Massachusetts and as grounds therefore state:

1. The District of Columbia is as convenient a forum as anywhere else since the operative facts in this case arise from Indianapolis, the home of the Defendant; Massachusetts, the location of Plaintiffs Lisa Dean and Lynn Backner's exposure to diethylstilbestrol ("DES"); New Hampshire, the location of a number of Plaintiffs Lisa and Jeffrey Dean's doctors; Florida, the winter home of Plaintiffs Lisa Dean and Lynn Backner's father; the District of Columbia, the place of the industry meetings to coordinate approval efforts for DES; as well as New Jersey, Massachusetts, Maryland, Texas, Florida, and Pennsylvania, the locations of the expert witnesses. Lilly products are on the shelves of every drug store in the District of Columbia and advertisements for Defendant's products, such as Cialis, are constantly broadcast in the District of Columbia. Lilly maintains no less than seven law firms here, and periodically uses the courts of the District of Columbia for its own legal projects.

1

2. Plaintiffs did not file their suit in this court; the Defendant, without Plaintiffs' consent, removed this case from D.C. Superior Court. If Defendants believed that *forum non conveniens* was so pressing and appropriate, they could have filed a DC Code Ann. § 13-425 motion to dismiss on those grounds when the case was in Superior Court.

3. Plaintiff's choice of forum is entitled to deference and should rarely be disturbed. This proposition has consistently been maintained by appellate decisions. See, e.g., Iragorri v. United Technology, 274 F.3d 65 (2d Cir. 2001). The moving party has the burden of persuasion on a motion to transfer. The non-moving party need not show that the alternative forum is inadequate; instead, the moving party must show that the proposed alternative forum is "not only adequate but more convenient than the present forum." Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J. 1993). Motions to transfer of this nature have been denied by this Court, see Appendix 1, and consistently by other judges in this District, see Appendix 2A-2K.

4. Defendant's claims of the convenience of Massachusetts are unfounded. Defendant has only intimated, not shown, that the presence of some of the potential witnesses in this case in Massachusetts makes Massachusetts a more convenient jurisdiction. The District of Columbia, in fact, is the more convenient jurisdiction. The case of Trout Unlimited v. United States Dep't of Ag., 944 F. Supp. 13, 16 (D.D.C. 1996), cited repeatedly by Defendant, is clear that the convenience of the witnesses is only significant "to the extent that the witnesses may *actually be unavailable for trial*." Id. (emphasis added). In the present case, assuming that all out-of-jurisdiction witnesses will be unavailable at trial, three necessary witnesses are still not present in the District of Massachusetts, and therefore it is no more convenient a forum.

Two of Lisa Dean's treating physicians, Dr. E. Rebecca Pschirrer and Dr. Stanley Stys, are in Lebanon, New Hampshire and outside of the subpoena power of the District of

Massachusetts. Both treated Lisa Dean for her high-risk pregnancy caused by Defendant's drug. They are as necessary to the case as any of the other witnesses Defendant relies upon, and Defendant has not established that it is more convenient to be in Massachusetts regarding these necessary witnesses than it is for the District of Columbia.

Plaintiffs Lisa Dean and Lynn Backner's father, the prime witness for the questions of identification and exposure, Dr. Richard C. Pfeffer, is a Massachusetts domiciliary, but resides in Naples, Florida for much of the year. It is therefore not necessarily more convenient for him to shift the venue to Massachusetts; given the time of year, it may be more likely to have him testify in the District of Columbia than Massachusetts. As the sole surviving parent of Plaintiffs Lisa Dean and Lynn Backner, Dr. Pfeffer's testimony is critical to this case and his convenience should be taken into account.

Defendant cannot establish, as it must, that Massachusetts is a more convenient jurisdiction when several necessary witnesses are unavailable in Massachusetts. In fact, the only important Massachusetts residents are the Backners and, as they have chosen the District of Columbia, they are necessarily obligated to be here for their depositions and any eventual trial.

Furthermore, Defendant's claim regarding the location of witnesses and documents that they need to subpoena in Massachusetts is spurious and ignores the real world of DES litigation. In hundreds of prior DES cases, this counsel and the other primary DES attorney, Patricia Stamford of Jacksonville, Florida, have provided witnesses, including plaintiffs, husbands, parents, pharmacists, and prescribing doctors for deposition – all voluntarily – where and when the Defendant requests. Undersigned counsel consents to this practice herein. In fact, Plaintiffs' counsel allows Defendant to contact all treating physicians to schedule their depositions by

telephone or otherwise at their discretion.  Lilly's counsel is in the District of Columbia, along with all of the documents necessary for their defense.

Defendant regulary deposed witnesses by telephone in past diethylstilbestrol ("DES") litigation, and can do so in this case with Plaintiffs' cooperation and consent.  Defendant has almost never been required to subpoena a single fact witness in any of the hundreds of DES cases and Plaintiffs' counsel will lend its offices in the District of Columbia for the accomplishment of these depositions.  Regarding documents, Plaintiffs have already executed numerous medical authorizations for the production of records to Defendant, and are willing to execute more if events warrant.  Plaintiffs have voluntarily answered discovery, including supplying records held outside the District of Columbia, at the Defendant's request.

None of the expert witnesses for Plaintiffs or Defendant, who have for years provided the majority of the testimony for the disputed issues in any DES case, are convenient to the District of Massachusetts.  Plaintiffs' state of the art and damages experts include: Dr. Harris Busch in Texas, Dr. Richard Falk in Maryland, and Dr. Brian Strom in Pennsylvania.  The Defendant's usual experts include Dr. Melvin Dodson in Florida, Dr. Eugene Albrecht in Baltimore, and Dr. Brian Little in New Jersey.  In Kroger v. Legalbill.com LLC, Civil Action No. 04-2189, 2005 U.S. Dist. LEXIS 42885 (D.D.C. 2005), attached as Appendix 3, the District Court found that, although a large number of witnesses and documents existed in Brentwood, Tennessee and the plaintiff had a tenuous connection to the District of Columbia, transfer to the Middle District of Tennessee would be inconvenient for witnesses in the case who resided in Europe, and therefore transfer was improper.  Id. at *40-41.

In the real world of DES litigation, which has been ongoing for two decades, Plaintiffs' counsel has voluntarily produced the plaintiff(s), the family, and all medical witnesses for

4

deposition, along with all records and documents, without the need for any subpoenas, where and when the Defendant desires. Defendant has no past history with either Plaintiffs or Plaintiffs' counsel to suspect that there will be an issue with service of process or the need to enforce a subpoena in a way that would make Massachusetts a more convenient jurisdiction for those purposes.

It is also disingenuous for Defendant to claim convenience for purposes of trial. In the twenty years and hundreds of DES cases in the District of Columbia courts, *none* have gone to trial. The Defendant has exhibited a distinct reluctance to submit the type of claims at issue in this case to a jury since they suffered multimillion-dollar defeat in Perrotte v. Eli Lilly and Co., No. 9401-91 (N.Y. Sup. Ct. 1991). No DES case has been tried since.

   5. Forum Selection is acceptable litigation strategy:

> [Plaintiff's] successful search for a state with a lengthy statute of limitation is no different from the *litigation strategy* of countless plaintiffs who seek a forum with favorable substantive or procedural rules or sympathetic local populations.

Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984) (emphasis added).

Corporations frequently choose the most advantageous states for incorporation, e.g. Delaware, and register in off-shore tax havens such as Bermuda to their best advantage. However, when an injured consumer attempts to litigate a favorable forum, "selection" becomes "shopping." See, e.g., Carnival Cruise Line v. Shute, 499 U.S. 585 (1991) (Washington State residents forced to sue in Florida due to fine print on the back of their cruise ship ticket); see also "U.S. Corporations Are Using Bermuda to Slash Tax Bills," N.Y. Times, Feb. 28, 2002. Restriction on the place of suit, right to jury trial, and arbitration requirements are common in modern contracts of adhesion, lending agreements, and insurance policies; for the corporation, when an unwitting consumer gives up his right to sue in his home state or the ability to choose a

5

more convenient or more liberal forum through one of these contracts, it is called "forum selection."

If the Supreme Court in its wisdom has blessed forum selection by plaintiffs looking for a favorable statute of limitations, see Ferens v. John Deere Co., 494 U.S. 516 (1990); Keeton, supra, Plaintiffs are not engaged in subterfuge or sharp dealing when they take advantage of these rights. A lawyer who did not advise a client of the Supreme Court's position on forum selection would not be a zealous advocate.

Contrary to Defendant's intimations, forum selection is the *obligation* of counsel:

> The existence of [forum choices] not only permits but indeed invites counsel in an adversary system, seeking to preserve his client's interests, to select the forum that he considers most receptive to his cause. The motive of the suitor in making his choice is ordinarily of no moment; a court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law applied are more favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor.

Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 772 (E.D. Tex. 2000) (citations omitted).

6. The District of Columbia is a favored forum for DES litigation. Eli Lilly came from its headquarters in Indianapolis to the District of Columbia in 1982 to sue fourteen of its insurance companies over DES coverage, see Eli Lilly v. Home Ins. Co., 794 F.2d 710 (D.C. Cir. 1986), even though nothing regarding the transaction occurred in this jurisdiction. Eli Lilly could have sued where it resides and where all the contracts in dispute were written. All the defendants in the case were non-District of Columbia residents. There was no natural connection to the District of Columbia. Nonetheless, Eli Lilly filed in the District of Columbia, and when its insurers filed a motion to transfer to Indianapolis, alleging that Lilly was forum shopping, Eli Lilly opposed by stating:

> Forum shopping is no more evil than any other tactical determination a party makes in its behalf. Any competent lawyer chooses a forum with his or her client's interests in mind. . . .

Eli Lilly's Memorandum in Opposition to Motion to Transfer in <u>Eli Lilly v. Home Ins. Co.</u>, p. 14, pertinent parts attached as App. 4.

> . . . Their accusations of 'forum shopping' . . . hope to divert the Court's attention from the relevant considerations of convenience and justice to the irrelevant matter of Lilly's reason for bringing suit in this District . . . Contrary to defendants' assertions, courts have not penalized plaintiffs for selecting forums with favorable laws. The relevant policy considerations are established by Van Dusen v. Barrack [citation omitted], the leading case on the subject, which *actually protects the plaintiff in his right to bring his action in the state in which the law is most advantageous to him*.

<u>Id.</u> at pg. 14 (emphasis partly in original, partly added).

      7. Beyond Defendant's inability to show that Massachusetts is a more convenient forum, Defendant ignores that the District of Columbia contains witnesses and documents germane to the present case. For the following reasons, the interests of justice suggest the District of Columbia as a more convenient forum:

      The District of Columbia is the location of the original industry-wide promotion of DES. <u>See</u> "Trip Report, Meeting of Representatives of a Group of Drug Manufacturers Interested in Stilbestrol," Appendix 5. It is also the location of Defendant's application to promote DES. Defendant also maintains residence in the District's subpoena jurisdiction of an army of lobbyists and salespeople familiar with the marketing strategies and communications regarding DES. Plaintiffs expect to require discovery of Defendant's actions in promoting DES related to these issues, and the promotion of DES, including the transactions in the District of Columbia, will certainly be an issue in the implausible event of a trial. The District of Columbia is therefore just as important a forum for subpoenas, depositions, etc.

8. The District of Columbia is where a substantial amount of DES litigation occurred in the past. See Tidler v. Eli Lilly and Co., 851 F.2d 418 (D.C. Cir. 1988); Shields v. Eli Lilly and Co., 895 F.2d 1463 (D.C. Cir. 1990), Eli Lilly and Co. v. Home Ins. Co., supra.

9. Beyond the availability of evidence, one of the most important issues in any DES case is the statute of limitations. DES was last prescribed in 1971; whether an action is timely filed depends on interpretation of the District of Columbia's statute of limitations. A District of Columbia court is in the best position to interpret the District of Columbia statute of limitation.

10. Massachusetts product liability law is nearly identical to that of the District of Columbia and is easily applied by a District of Columbia judge. This is a simple failure to test and warn case; there are no Massachusetts peculiarities to product liability law that apply here.

11. As stated above, these cases routinely settle. In numerous past cases, the parties have mediated these cases in front of the Honorable Alan Kay. Judge Robertson referred to Judge Kay as a "national treasure" in this specialty. See Scheduling Conference in Wieprecht v. Eli Lilly and Co., Civil Action No. 1:01-CV-0889. Magistrate Kay has successfully mediated well over fifty DES cases. Keeping the case here would resolve it most quickly if Judge Kay could mediate and Plaintiffs would be amenable to referring the case for early mediation before him.

12. Motions to transfer of this nature have consistently been denied by other judges of this court such as:

> Wieprecht v. Eli Lilly and Co., Civil Action No. 01-0889 (D.D.C. Dec. 6, 2001), Judge James Robertson, as App. 2A;
>
> Peterson v. Eli Lilly and Co., Civ Action No. 01-1404 (D.D.C. Jan. 9, 2002), Judge Ellen Segal Huvelle, as App. 2B;
>
> Coy v. Eli Lilly and Co., Civil Action No. 01-1072 (D.D.C. Jan 23, 2002), Judge John Garrett Penn, as App. 2C;
>
> Sumrall v. Eli Lilly and Co., Civil Action No. 01-0670 (D.D.C. Oct. 28, 2002), Judge Colleen Kollar-Kotelly, as App. 2D;

> Blank v. Eli Lilly and Co., Civil Action No. 02-1976 (D.D.C. Dec. 13, 2002), Judge Richard W. Roberts, as App. 2E;
>
> Roing v. Eli Lilly and Co., Civil Action No. 02-2211 (D.D.C. Jan 2003), Judge John D. Bates, as App. 2F;
>
> Ingram v. Eli Lilly and Co., Civil Action No. 02-2023 (D.D.C. Jan. 28, 2003), Judge Reggie B. Walton, as App. 2G;
>
> Bailer v. Eli Lilly and Co., Civil Action No. 02-1654 (D.D.C. Apr. 17, 2003), Judge Ricardo M. Urbina, as App. 2H;
>
> Fastino v. Eli Lilly and Co., Civil Action No. 02-02210 (D.D.C. Oct. 8, 2003), Judge Henry H. Kennedy, as App. 2I;
>
> Dimanche v. Eli Lilly and Co., Civil Action No. 03-236 (D.D.C. Oct. 17, 2003), Judge John D. Bates, as App. 2J; and
>
> Miller v. Eli Lilly and Co., Civil Action No. 03-896 (D.D.C. May 5, 2004), Judge Henry H. Kennedy, as App. 2K.

13. When Defendant Eli Lilly sued all its insurers in the District of Columbia, despite no relevant transactions having taken place in the jurisdiction, Defendant argued that the existence of National Airport and other transportation facilities in the District of Columbia makes it a convenient forum for DES litigation. In Defendant's brief in Eli Lilly v. Home Ins. Co., 794 F.2d 710, Defendant argued:

> Defendants [Eli Lilly's insurers] have not come forth with any facts to support their position that Indianapolis would be a more convenient forum for them. Therefore, they have failed to carry their burden of proof. Clearly, for most defendants (the 50 or so located in the "East" or in Europe), Washington, D.C. provides a more convenient forum. The twelve defendants located in Illinois, Omaha, St. Paul and Wausau are going to have to travel by air to arrive at either Indianapolis or Washington, D.C., and have better service to Washington. In any event, no defendant has shown any specific hardship encountered by litigation in the District of Columbia which would be eased by transfer to Indiana.
>
> Footnote 10:
>
> The following flight schedule should be compared with the schedule presented in Defendants' Memo. p. 12 (footnote). Such a

9

comparison clearly shows that there is a greater ease of access to Washington, D.C. than to Indianapolis:

| Area | Daily Flights To and From D.C. |
|---|---|
| Seattle, WA | 59 |
| San Francisco, CA | 83 |
| Los Angeles, CA | 107 |
| Omaha, NE | 45 |
| St. Paul, MI | 30 |
| Kansas City, MO | 52 |
| Wausau, WI | 19 |
| Springfield, IL | 26 |
| Chicago, IL | 54 |
| Richmond, VA | 45 |
| Philadelphia, PA | 72 |
| New York City, NY | 104 |
| Hartford, CT | 23 |
| Boston, MA | 45 |

See App. 4.

14. It is also interesting to note that in the non-DES case McClamrock v. Eli Lilly and Co., Civil Action No. 02-2383, Defendant impressed upon this Court that, while the District of Columbia was not a convenient forum for Zyprexa litigation, the history of DES litigation in the District of Columbia, and the regular statute of limitations disputes in DES cases, were adequate reasons to maintain a DES case in this jurisdiction.  See pertinent pages of Eli Lilly's Motion to Transfer, as App. 6.

15. Defendant's citation to Thompson v. Eli Lilly and Co., Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003), Abramson v. Eli Lilly and Co., Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004), and Lentz v. Eli Lilly and Co., Civil Action No. 06-CV-1374 (D.D.C. Dec. 18, 2006) is unavailing.  All those cases are distinguishable, as in all of those cases the entire cast of parties – fact witnesses, doctors, and parents – were exclusively in one state.  That is not true in this case.

16. Defendant's citation to <u>Corbett v. Eli Lilly and Co.</u>, Civil Action No. 05-CV-01584 (D.D.C. June 5, 2006) is misleading. The plaintiff in <u>Corbett</u> filed a notice of non-opposition and therefore there was no ruling establishing whether or not the circumstances in <u>Corbett</u> merited transfer.

17. This case will place no extra burden on this court system as not a single District of Columbia judge or jury has been required to spend a single day of trial time for the hundred DES cases which have been resolved here.

## CONCLUSION

Ten judges in the District of Columbia have reviewed Eli Lilly's requests to transfer DES cases out of the District and have refused. In dozens of cases where it was appropriate, undersigned counsel consented to transfer. This cause is not one where transfer is appropriate. Nothing will be accomplished by transfer of this case except a half-year's delay, the harassment of Plaintiffs' counsel's staff, added expense, and the burdening of a second federal judge's docket.

For the foregoing reasons, and for such further reasons as will be presented at oral argument, Plaintiffs respectfully request that Defendant's Motion to transfer be denied.

Plaintiffs further ask to argue this motion by oral argument.

Respectfully submitted,

AARON M. LEVINE AND ASSOCIATES


_____/s/ Aaron M. Levine_____
Aaron M. Levine, #7864
1320 Nineteenth Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

COUNSEL FOR PLAINTIFFS

12