**Appendix 2A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAREN ANN WIEPRECHT,

      Plaintiff,

    v.                  Civil Action No. 01-0269 (JR)

ELI LILLY AND COMPANY,

      Defendant.

**FILED**

DEC - 6 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>ORDER</u>

Plaintiff's motion for leave to extend the time in
which to oppose defendant's motion to transfer (which contains
plaintiff's arguments against transfer) [#15] is denied.
Defendant's motion to transfer case [#14] is denied.  So ORDERED
this ___6th___ day of December, 2001.


_____
JAMES ROBERTSON
United States District Judge

.

**Appendix 2B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



NANCY PETERSON,

    Plaintiff,

v.

ELI LILLY AND COMPANY

    Defendant.

Case No. 1:01CV01404 (ESH/AK)
Next Event: Defendant's 26(a)(2)
Statement Due on January 21, 2002

## ORDER

Upon consideration of Plaintiff's Opposition to Defendant's Motion to Transfer, and for

good cause shown, it is this <u>9</u> day of <u>January</u>, 2002.

ORDERED that Defendant's Motion to Transfer be and hereby is DENIED;

AND IT IS FURTHER ORDERED that this case shall remain in the United States

District Court for the District of Columbia and shall not be transferred.

                                               _____

                                                   Judge

Copies to:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates
1320 - 19th Street, N.W., Suite 500
Washington, D.C.  20036

Thomas M. Hefferon, P.C.
Goodwin Proctor LLP
1717 Pennsylvania Avenue, NW
Washington, DC 20006

James J. Dillon, P.C.
Goodwin Proctor LLP
Exchange Place
Boston, MA 02109




**Appendix 2C**

# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

DEBRA ANN COY,

    Plaintiff,

v.

ELI LILLY AND COMPANY

    Defendant.

Civil Action No. 01-1072 (JGP)

FILED

JAN 2 3 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

This matter comes before the Court on Motion of Defendant Eli Lilly and Company to Transfer Action. Upon consideration of the defendant's motion and the plaintiff's opposition, it is hereby

ORDERED that the defendant's motion to transfer is DENIED without prejudice.

Date:  JAN 2 3 2002

JOHN GARRETT PENN
United States District Judge

13

**Appendix 2D**

UNITED STATES DISTRICT COURT
FOR IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

ERIN MARGARET SUMRALL                    )
and                                      )
BRICE LYNN SUMRALL                       )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )   CIVIL ACTION NO. 1:02CV00670 (CKK)
                                         )   Next Event: Initial Scheduling Conference,
ELI LILLY AND COMPANY                    )   August 16, 2002, 10:30am   **FILED** ✓
                                         )
        Defendant.                       )                    OCT 2 8 2002

**ORDER**                                NANCY MAYER WHITTINGTON, CLERK
                                         U.S. DISTRICT COURT

Upon consideration of Plaintiffs' Opposition to Defendant's Motion to Transfer, and for
~~and discussion on the record~~ good cause shown, it is this __28__ day of __October__, 2002, it is hereby

ORDERED that Defendant's Motion (#5) be and hereby is DENIED;

AND IT IS FURTHER ORDERED that this case shall remain in the United States

District Court for the District of Columbia and shall not be transferred.


                                    _____
                                              Judge

Copies to:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates
1320 - 19th Street, N.W., Suite 500
Washington, D.C.  20036

Thomas M. Hefferon, P.C.
Ellen M. Quattrucci, Esq.
Goodwin Proctor LLP
1717 Pennsylvania Avenue, NW
Washington, DC  20006

James J. Dillon, P.C.
Goodwin Proctor LLP
Exchange Place
Boston, MA  02109

C:\AARON\2002\SUMRALL Proposed Order.doc

**Appendix 2E**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HILLARY BLANK and MARC BLANK,<br><br>    Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 02-1976 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hillary Blank and Marc Blank filed this diversity action alleging that Ms. Blank was exposed *in utero* to diethylstilbestrol ("DES"). Defendant Eli Lilly and Company ("Eli Lilly") has moved to transfer the case to the District of Massachusetts. Because defendant has failed to establish that the convenience of the parties and the witnesses and the interests of justice favor transfer to Massachusetts, defendant's motion will be denied.

### BACKGROUND

Plaintiffs are residents of New Jersey. Eli Lilly is an Indiana pharmaceutical corporation which manufactured and sold DES throughout the United States. Ms. Blank alleges that her mother took DES during pregnancy.

Ms. Blank was born in Massachusetts in 1967. She alleges that, as a result of her mother's use of DES during pregnancy,

- 2 -

she has suffered physical injuries including reproductive

malfunction and infertility.  Ms. Blank also alleges that she has

suffered depression, anxiety and emotional distress.

DISCUSSION

Defendant has moved to transfer this case to Massachusetts

pursuant to 28 U.S.C. § 1404(a)(2000), which provides that "[f]or

the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any

other district or division where it might have been brought."

The moving defendant "bears the burden of demonstrating that

transfer pursuant to Section 1404(a) is warranted."  Gemological

Institute of America v. Thi-Dai Phan, 145 F. Supp. 2d 68, 71

(D.D.C. 2001).  Section 1404(a) grants district courts broad

discretion to transfer cases, but they must "adjudicate such

motions according to an 'individualized, case-by-case

consideration of convenience and fairness.'"  Gemological

Institute, 145 F. Supp. 2d at 71 (citing Stewart Organization,

Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

The Court must first determine whether venue and personal

jurisdiction are proper in the transferee district.  Lamont v.

Haig, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978); see also Relf v.

Gasch, 511 F.2d 804, 806 (D.C. Cir. 1975) (holding that the

- 3 -

district court may transfer a case only to a judicial district where the case might have been brought).

Once a court makes this determination, it must then "balance a number of case-specific factors which include the private interests of the parties as well as public interests such as efficiency and fairness." Wilderness Society v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). On the private side of the balance, these factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the districts; and (6) the ease of access to sources of proof. Id. The factors on the public side of the balance include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of both the transferor and transferee courts; and (3) the local interest in deciding local controversies at home. Id.

I.    Venue in the District of Massachusetts

"A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought . . . in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C.

- 4 -

§ 1391(a)(2). Plaintiff alleges that her *in utero* exposure to DES occurred during her mother's pregnancy in Massachusetts.

A federal court in Massachusetts would be able to assert personal jurisdiction over Eli Lilly based on plaintiff's allegations that the company sold DES to plaintiff's mother in Massachusetts. <u>See</u> Mass. Gen. Laws ch. 223A, § 3 (Massachusetts long-arm statute governing torts allegedly committed in Massachusetts). Because venue and personal jurisdiction would be proper in the District of Massachusetts, this case is one which might have been brought there.

II. <u>Private Factors</u>

Typically, the plaintiff's choice of forum is given considerable weight, but it is entitled to "substantially less deference when the forum preferred by the plaintiff is not his home forum." <u>Boers v. United States</u>, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (citing <u>Piper Aircraft v. Reyno</u>, 454 U.S. 235, 255-56 (1981)). In this case, plaintiffs are not residents of their chosen forum, but plaintiffs argue that much of defendant's lobbying efforts before the Food and Drug Administration ("FDA") occurred in the District of Columbia. Defendant's choice of another forum is undermined by the fact that defendant chose the District of Columbia as the forum for its own litigation against insurers regarding coverage for DES claims and opposed the

- 5 -

insurers' motion to transfer the case to another forum. See Eli
Lilly's Memorandum in Opposition to Motion to Transfer, Exh. 4 to
Plaintiffs' Opposition to Defendant's Motion to Transfer. The
balance tips slightly in favor of this district, then, when
weighing the parties' choices of fora.

Defendant maintains that plaintiffs' claim arose in
Massachusetts where Ms. Blank's *in utero* exposure occurred.
Plaintiffs argue that their claim also arose in part from Eli
Lilly's lobbying efforts in the District of Columbia to obtain
FDA approval for DES. This factor favors neither district.

Defendant has not shown that the convenience of the parties
and their witnesses favors transfer to Massachusetts. There is
only one witness who lives in Massachusetts and that witness will
appear without subpoena at a mutually-convenient location. At
least one of plaintiffs' expert witnesses is in this district.
No medical records of Ms. Blank's are in Massachusetts. There
has been no showing that holding trial in the District of
Columbia would impede the parties' access to evidence.

Defendant has failed to show that the private factors weigh
in favor of transferring this case to Massachusetts.

III. Public Factors

The "interests of justice are best served by having a case
decided by the federal court in the state whose laws govern the

- 6 -

interests at stake." <u>Kafack v. Primerica Life Insurance Co.</u>, 934
F. Supp. 3, 8 (D.D.C. 1996). In this case, however, it has yet
to be determined which state or district's law will govern the
dispute. There is no evidence regarding the relative congestion
of the district courts of the District of Columbia and
Massachusetts, and neither the District of Columbia nor
Massachusetts has a strong local interest in this controversy.
Defendant has failed to show that the public factors favor
transfer.

CONCLUSION

Defendant has failed to show that the convenience of the
parties and the witnesses and the interests of justice favor
transfer to Massachusetts. Accordingly, it is hereby

ORDERED that defendant's motion to transfer [7] be, and
hereby is, DENIED.

SIGNED this 13th day of December, 2002.


_____
RICHARD W. ROBERTS
United States District Judge

**Appendix 2F**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CELIA ROING, DIANE MULLEN, and ELAINE PHILBRICK, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ELI LILLY AND COMPANY, | ) ) |
| Defendant. | ) ) ) |

Civil Action No. 02-2211 (JDB)

### ORDER

Plaintiffs, who all reside in Massachusetts, have filed this diversity action alleging they were exposed in utero to diethylstilbestrol ("DES") in Massachusetts. Defendant Eli Lilly and Company ("defendant") has moved to transfer the case to the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a), asserting that Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought in Massachusetts originally, the action has no connection to the District of Columbia, and transfer thus would be in the interest of justice.

Following six other judges of this Court who have denied similar motions in DES cases against Eli Lilly, the Court denies defendant's motion. The Court agrees that this action could have been brought in the District of Massachusetts. However, the convenience of the parties and witnesses, and the interest of justice, do not warrant transfer. See 28 U.S.C. §1404(a).

Plaintiffs' choice of forum is entitled to some weight, although it is given less deference when the chosen forum is not the plaintiff's home forum. See Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). On the other

hand, defendant has engaged in some lobbying and other efforts related to DES in the District of

Columbia.  Moreover, it is the forum of choice for many DES cases against Eli Lilly, and even

has been the forum of choice by Eli Lilly for its litigation against insurers regarding coverage for

DES claims.[1]  The location of fact and particularly expert witnesses all around the country does

not clearly favor Massachusetts over the District of Columbia.  Finally, it is undisputed that

plaintiffs and defendant both have counsel in the District of Columbia experienced in handling

this type of litigation, and that those counsel have cooperated in numerous other DES cases in the

District of Columbia with respect to making witnesses and documents (including medical

records) readily available.  In short, the relevant factors do not weigh clearly in favor of transfer

to the District of Massachusetts.

Accordingly, upon consideration of defendant's motion to transfer and plaintiffs'

opposition thereto, and having assessed the convenience of the parties and witnesses as well as

the interest of justice, it is this _____ day of January, 2003, hereby

ORDERED that defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is

DENIED.

JOHN D. BATES
United States District Judge

---

[1] Eli Lilly opposed a motion to transfer in that case, defending its right to choose the District of Columbia courts against allegations that it was engaged in forum shopping.

**Appendix 2G**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELISABETH ARNOLD INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-2023 (RBW) |
| | ) | |
| ELI LILLY & COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion that accompanies this Order, it is hereby

**ORDERED** that defendants' motion to transfer [#11] is denied.

**SO ORDERED** on this 28th day of January, 2003.

REGGIE B. WALTON
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELISABETH ARNOLD INGRAM,                )
                                        )
           Plaintiff,                   )
                                        )        Civil Action No. 02-2023 (RBW)
                                        )
ELI LILLY & COMPANY, et al.             )
                                        )
           Defendants.                  )
                                        )

## MEMORANDUM OPINION

This is a product liability lawsuit brought by the plaintiff against several defendants for injuries she alleges she sustained as a result of her mother's ingestion of diethylstilbestrol ("DES"), a drug sold and promoted to plaintiff's mother while she was residing in Seattle, Washington in 1967 and 1968. Currently before the Court is the defendants' motion to transfer this action to the Western District of Washington. For the reasons set forth below, defendants' motion is denied.

### I. Arguments of the Parties

Defendants argue that "[t]he Western District of Washington is the most convenient forum for the parties and witnesses to this action." Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Transfer ("Defs.' Mem.") at 1. First, defendants note that the plaintiff's exposure to DES occurred in Seattle, Washington, the place where her mother ingested the DES, and thus the witnesses and evidence needed in this case are most likely located

there as well. Id. at 1, 4.[1]  Second, defendants argue that transfer is proper because the

substantive law of Washington will govern this action because the alleged exposure occurred in

that jurisdiction. Id.  Third, defendants argue that plaintiff could have originally brought this

action in the Western District of Washington because the court there, as does this court, has

subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (2000) because there is complete

diversity of the parties. Id. at 2.  In addition, defendants note that venue is proper in Washington

pursuant to 28 U.S.C. ¶ 1391(a) (2000), which provides that "[a] civil action wherein jurisdiction

is founded only on diversity of citizenship may be brought . . . in . . . (2) a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred." Id. at 3.

Defendants also argue that the public interest factors that the Court must consider when

deciding whether to transfer an action, which include the local interest in having localized

controversies decided in that jurisdiction; holding a trial in the state whose law will govern the

case; not imposing jury duty on citizens of a jurisdiction that has no relation to the controversy;

and the administrative difficulties that are derived from court congestion, that defendants argue

also favors the transfer of this action.  Regarding the first factor, defendants argue that

Washington has a "strong interest in seeing that product liability claims that arose in Washington

are tried fairly and efficiently." Id. at 6.  Next, defendants argue that the Western District of

Washington has more experience than this court in interpreting and applying Washington state

---

[1]Defendants note that the three major issues in DES cases are: the question of exposure, product
identification and the nature and extent of plaintiff's injuries. Regarding the issue of exposure, defendants maintain
that they will need to depose the physicians who treated plaintiff's mother during her pregnancy and obtain the
relevant medical records. Def.'s Mem. at 5.  Regarding product identification, defendants anticipate the need to
depose the dispensing pharmacists or other pharmacy employees who have knowledge regarding the dispensing
practices of the pharmacies at issue. Id.  Lastly, regarding plaintiff's medical injuries, defendants believe that "all or
most of the relevant medical records are located either in the Western District of Washington or in Oklahoma." Id.

tort law. Id. Finally, defendants note that in a September 2001 survey, the District of Columbia

ranked 61 out of 94 federal district courts for the average length of time it takes for a civil case to

move from the filing of a complaint to trial, while the Western District of Washington ranked

13th.

    In opposition, plaintiff offers several arguments regarding why this Court should not transfer

this action to the Western District of Washington. First, plaintiff argues that forum selection is a

proper litigation strategy and notes that defendant Eli Lilly made a similar argument when it sued

its insurers in this jurisdiction and the insurers sought to remove the case from the District of

Columbia.[2] Pl.'s Opp'n at 3. Second, plaintiff contends that the District of Columbia does have

ties to this action because it is a location where the manufacturers of DES promoted its use and

has been the situs of a "substantial amount of litigation" on the issue of liability regarding DES

use in the past. Id. at 5. Third, plaintiff submits that the convenience of the witnesses do not

favor Washington over the District of Columbia. On this point, plaintiff's counsel notes that

defendants "have not ever been required to subpoena a single fact witness in any of the hundreds

of DES cases . . ." that have been filed against them. Id. at 4. In addition, plaintiff points out that

--------

[2]Plaintiff states that the statute of limitations will be contested in this matter and therefore District of Columbia procedural law will apply to this case. Thus, plaintiff argues, "this Court is in a better position to decide District of Columbia law than is a Washington court." Pl.'s Opp'n at 5. However, plaintiff's argument is misleading because if this matter were transferred to Washington, Washington's statute of limitations would apply, not the District of Columbia's. See A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp., 62 F.3d 1454, 1458 (D.C. Cir. 1995) ("A federal court sitting in diversity must apply state law to the substantive issues before it. . . . For this purpose, the statute of limitations is substantive; therefore, a federal court sitting in diversity looks to state law to determine whether a cause of action based upon state law has expired. . . . [Under] D.C. choice-of-law rules . . . statutes of limitations [are treated] as procedural, and therefore almost always mandate application of the District's own statute of limitations.") (citations omitted); Dam v. General Electric Co., 144 F. Supp. 175, 179-80 (W.D. Wash. 1956) ("It is a well-established general rule that all matters of procedure, such as the limitation of time in which an action may be brought, where the limitation pertains to the remedy rather than the right, are governed by the law of the forum."). Therefore, the Washington court would be best equipped to apply Washington's applicable statute of limitations.

the prescribing obstetrician is currently located in California; plaintiff's mother is now located in

Oklahoma; plaintiff's experts reside in Texas, Arkansas, Pennsylvania and Alabama; and the

experts the defendants customarily use reside in Birmingham, Alabama; Baltimore, Maryland;

New Jersey; Boston, Massachusetts; and Pennsylvania. Id. Both plaintiff's and defendants'

counsel have offices in the District of Columbia and plaintiff's counsel also states that he will

voluntarily produce plaintiff, her family and all the medical witnesses for depositions and will

produce the records and documents, without any need for subpoenas, at the defendants' request.

Id. at 4-5. Plaintiff also states that other judges of this court have consistently denied defendants'

motions to transfer these types of cases.[3] Id. at 6. Finally, plaintiff indicates that there has been a

twenty-year history of DES litigation in this Court, without a single case being decided through a

jury's verdict, and notes that Magistrate Judge Alan Kay has routinely mediated these kinds of

cases and thus keeping the case here would ensure that the case is resolved expeditiously, as

plaintiff is willing to refer the case to early mediation before Magistrate Judge Kay. Id. at 5-6.

---

[3]Plaintiff lists five cases where judges in this district have denied motions of the defendants to transfer cases involving DES claims. However, in three of these cases, Wieprecht v. Eli Lilly & Co., 01cv889 (Robertson, J.), Peterson v. Eli Lilly & Co., 01cv1404 (Huvelle, J.), and Cov v. Eli Lilly & Co., 01cv1072 (Penn, J.) the judges denied the motions in orders without any indication of the reasoning for the decisions. In Scaramuzzi v. Eli Lilly Co., 01cv1095 (Sullivan, J.), the court denied the motion based on counsels' arguments "and the fact that the parties ha[d] already engaged in substantial discovery." And, in Sumrall v. Eli Lilly & Co., 02cv0670 (Kollar-Kotelly, J.) the court directed the parties to file a stipulation wherein plaintiff expressly agreed to produce her mother for deposition and trial, at plaintiff's expense.

On January 1, 2003, plaintiff filed a supplemental opposition to defendant's motion to transfer, wherein plaintiff's counsel alerted the Court to an opinion by Judge Roberts in Blank v. Eli Lilly & Co., in which Judge Roberts denied the defendant's motion to transfer. Judge Roberts expressly stated that the "[d]efendant's choice of another forum is undermined by the fact that defendant chose the District of Columbia as the forum for its own litigation against insurers regarding coverage for DES claims and opposed the insurer's motion to transfer the case to another forum." Blank, slip op. at 4–5. However, the Blank case is distinguishable from the present case because in that case the court noted that there was only one witness who lived in Massachusetts, the place where the claim arose, and that witness agreed to appear without a subpoena. Id. at 5. In addition, Judge Roberts noted that it had "yet to be determined which state or district's law will govern the dispute[,]" and there was "no evidence regarding the relative congestion of the district courts of the District of Columbia and Massachusetts, and neither the District of Columbia nor Massachusetts ha[d] a strong local interest in th[e] controversy." Id. at 6.

II. Analysis

28 U.S.C. § 1404(a) (2000) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the moving party, defendant bears the burden of establishing that the transfer of this action to another federal district is proper. Shenandoah Associates Ltd. Partnership v. Tirana, 182 F. Supp. 2d 14, 25 (D.D.C. 2001). Although the plaintiff's choice of forum is given deference, this deference is "greatly diminished when the activities have little, if any, connection with the chosen forum." Armo Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991) (citation omitted).

The first question the Court must decide in assessing whether this case should be transferred is whether this action could have been brought in Washington. Pursuant to 28 U.S.C. § 1391(a) (2000), venue is proper in a "judicial district where any defendant resides . . . [or] in which a substantial part of the events or omissions giving rise to the claim occurred . . ." Neither party disputes that this action could have been brought in Washington because that is the location where plaintiff's mother received and ingested the DES at issue in this case.

Although convenience of the parties, convenience of the witnesses, and the interests of justice are the three principle factors to consider in determining whether to transfer a case, courts have also considered various other factors, including the private interests of the parties and the public interests of the court, as additional considerations "protected by the language of Section 1404(a)." Trout Unlimited v. United States Dep't of Agriculture, 944 F. Supp. 13, 16 (D.D.C. 1996). The private considerations that may be considered include:

> (1) the plaintiff's choice of forum, unless the balance of

5

> convenience is strongly in favor of the defendants; (2) the
> defendants' choice of forum; (3) whether the claim arose
> elsewhere; (4) the convenience of the parties; (5) the convenience
> of the witnesses of the plaintiff and defendant, but only to
> the extent that the witnesses may actually be unavailable for
> trial in one of the fora; and (6) the ease of access to sources of
> proof.

Id. (citations and footnotes omitted).

In this case, these factors weigh against transfer. Plaintiff has chosen this forum, presumably

because of a favorable statute of limitations and the fact that plaintiff's counsel has successfully

settled prior cases of this sort before Judge Kay. Defendants prefer Washington because, they

argue, there will be fact witnesses in that jurisdiction, however, it appears that the witnesses most

vital to this action will come from other jurisdictions. The claim arose in the State of

Washington, however, none of the defendants argue that this forum would be inconvenient for

them and based on plaintiff's representations, it does not appear that the witnesses most vital to

this action would be any more inconvenienced by having to travel to the District of Columbia, as

compared to the State of Washington. Most importantly, there is no allegation that any witness

would be unavailable at a trial in this district. Finally, regarding the ease of access to sources of

proof, plaintiff has stated that she is willing to produce the relevant medical records and there

accordingly does not appear to be any impediment to obtaining sources of proof if this action is

litigated in this district.

___Because the Court has concluded that the private interest factors do not support the transfer of

this action, it is not required to weigh the public interest factors. Shields v. Eli Lilly & Co., No.

Civ.A. 87-2166, 1987 WL 26426, at *2 (D.D.C. Nov. 23, 1987). Nonetheless, the Court will

briefly review the public interest considerations regarding transfer, which include: "(1) the

transferee[] [Court's] familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." Trout, 944 F. Supp. at 16 (footnotes and citations omitted).

Regarding the first factor, if this Court retained this matter in this district it would most likely conclude that the law governing the resolution of this dispute would be the law of Washington. To determine what law this Court would have to apply, it must use the District of Columbia's choice of law analysis. Ideal Electronic Security Co. v. International Fidelity Ins. Co., 129 F.3d 143, 148 (D.C. Cir. 1997); Shenandoah, 182 F. Supp. 2d at 18 (citations omitted). Under District of Columbia's choice of law principles, in determining what substantive law would apply, the court may look to the factors contained in the Restatement (Second) of Conflict of Laws § 145, which include the place where the injury took place; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of business and place of incorporation of the parties, and the place where the relationship is centered. Id. at 19 (citations omitted). Application of these factors causes the Court to conclude that it would most likely have to apply the substantive law of Washington and this factor favors transfer of this action to Washington because the courts in that district are familiar with Washington law. See Trout, 944 F. Supp. at 19 (transferring action to district court in Colorado where case, although dealing with federal statutes and regulations, might also "in part, involve the interpretation of Colorado law."). Cf. Greater Yellowstone Coalition v. Bosworth, 180 F. Supp. 2d 124, 128-29 (D.D.C. 2001) (denying defendant's motion to transfer where plaintiff's complaint required interpretation of federal statues and federal government officials located in the District of Columbia had been involved in the decision about which plaintiffs sought judicial review).

7

The second factor – congestion of the several courts' calendars – does not decisively support transfer to Washington. Although the defendants note the that Western District of Washington has better statistics than the District regarding the length of time it takes to get cases to trial, in this matter, because Judge Kay has extensive experience in mediating DES claims, the length of time needed to resolve this matter, should mediation prove successful, may not be that significant. Moreover, this Court's personal calendar could afford the parties a trial at virtually any time they desire. It is therefore not this Court's calendar that will inhibit this case from being resolved expeditiously.

Finally, regarding the third and final factor, it appears that neither Washington nor the District of Columbia have a particularly strong interest in this case as a local controversy because neither plaintiff nor her mother are currently residents of Washington or the District of Columbia and none of the defendants are incorporated in either jurisdiction. In addition, there is nothing uniquely local about DES litigation as the product was marketed and dispensed throughout the nation.

The situation in this case is similar to the one faced by the Court in Shields. In that case, the plaintiff's mother had ingested DES in Missouri and the plaintiff was a resident of Richmond, Virginia. Shields, 1987 WL 26426, at *1. Defendant moved to transfer the action from this district to the Eastern District of Virginia on the basis that it would "not be able to obtain compulsory process over any witnesses at trial as all witnesses [were] outside the 100 mile limit, being located in Richmond or in Kansas City, Missouri." Id. (emphasis in original). In addition, the defendant noted that the plaintiff's mother resided in Richmond and the plaintiff's treating physicians and their records were all located in the Eastern District of Virginia. Id. The plaintiff,

8

however, maintained that two of her former treating physicians were located in Bethesda, Maryland, and her medical records were in the District of Columbia. Id. In addition, the plaintiff stated that her treating physician and her mother would be available for trial in the District of Columbia and although the plaintiff was a resident of Richmond, trial in the District of Columbia would be less burdensome and costly for her because her counsel and some of her expert witnesses were located here. Id.

In denying the defendant's motion to transfer, the court noted that it did "not appear that the defendant [would] suffer any inconvenience from having this case tried in this forum." Id. at *2. Regarding the private interest factors, and based on plaintiff's representations, the court noted that the defendant would have access to the plaintiff's medical records and her treating physician. Id. In addition, the defendant failed to specify any witnesses that would be unavailable for trial and failed to demonstrate that it would be "deprived of any testimony or other evidence material to its case." Id. Regarding the public interest factors, although the court noted that these factors made the case a "very close" one, the court nevertheless concluded that because the plaintiff resided in the District of Columbia when she was a college student, she was treated for her ailment while she lived here, and "several DES cases ha[d] been filed in this District[,]" the plaintiff had "shown some reasonable justification for filing [her] action in this forum." Id.

Similar to Shields, the plaintiff does have a justifiable basis for filing her action in this Court. Plaintiff's counsel has settled several similar cases in this court and Judge Kay, to whom the parties intend to request referral for mediation, is very familiar with the issues involved in this lawsuit based on his prior experiences with very similar cases. Although this matter admittedly has a greater connection to Washington, the defendants have failed to indicate specifically what

9

witnesses, if any, would be unavailable in this fora; nor have the defendants indicated how they would be inconvenienced if this action remains in this Court. Therefore, because the transfer factors do not decisively weigh in favor of transferring this action to Washington, the Court concludes that it should not disturb plaintiff's choice of forum and will permit this action to be litigated in this forum. Therefore, defendants' motion to transfer is denied.[4]

**SO ORDERED** on this 28th day of January, 2003.

REGGIE B. WALTON
United States District Judge

**Copies to:**

Aaron M. Levine & Associates
1320 19th Street, NW
Suite 500
Washington, DC 20036
Counsel for Plaintiff

Lawrence Hedrick Martin
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
Counsel for defendant Eli Lilly & Company

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street
Suite 2000
Baltimore, MD 21202
Counsel for defendants Bristol-Myers Squibb Company & Pharmacia & Upjohn Company

John F. Anderson
Richards, McGettigan Reilly & West, P.C.
225 Reinekers Lane
Suite 700
Alexandria, VA 22314
Counsel for defendant Dart Industries Inc.

---

[4]An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

10

**Appendix 2H**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

JENNIFER F. BAILER,                    )
                                       )
      **Plaintiff,**                 )
                                       )
      **v.**                        )    Civil Action No. 1:02CV01654 (RMU)
                                       )
                                       )   Document No. 10      **FILED**
**ELI LILLY AND COMPANY, et al.**      )
                                       )                APR 1 7 2003
      **Defendants.**                )
                                       )    NANCY MAYER WHITTINGTON, CLERK
                                                 U.S DISTRICT COURT

## ORDER

UPON CONSIDERATION of Defendants' Motion to Transfer, and any oppositions and replies filed hereto, it is this 16th day of ____April____, 2003,

    ORDERED, that Defendants' Motion be, and hereby is, **DENIED.**

                           *Ricardo M. Urbina*
                           JUDGE

Copies to:

Lawrence H. Martin, Esq.
Foley Hoag, LLP
1747 Pennsylvania Ave., N.W.
Suite 1200
Washington, D.C. 20006

James. J. Dillon, P.C.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02109-2881

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Aaron M. Levine, Esq.
Aaron M. Levine & Associates
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036



**Appendix 2I**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| LORI ANN FASTINO,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. |

Civil Action 02-02210  (HHK)

### MEMORANDUM OPINION AND ORDER

Plaintiff, Lori Ann Fastino ("Fastino"), brings this diversity action for damages arising from her alleged exposure *in utero* to diethylstilbestrol ("DES").  Presently before this court is defendant Eli Lilly and Company's ("Eli Lilly") motion to transfer this case to the District of Massachusetts [#6].  Upon consideration of defendant's motion, the opposition thereto, and the record of this case, the court concludes that defendant's motion to transfer must be denied.

### I. BACKGROUND INFORMATION

Fastino is a resident of Rhode Island.  Eli Lilly is an Indiana pharmaceutical corporation which manufactured, marketed, and sold DES throughout the United States.  Fastino alleges that sometime between 1967 and 1968, her mother ingested DES while she was pregnant with Fastino pursuant to her physician's prescription.  Fastino alleges that as a result of her mother's use of DES during pregnancy, she has suffered physical injuries including reproductive malfunction and infertility.

## II. ANALYSIS

### A.    Legal Standard for Motion to Transfer

Eli Lilly has moved to transfer this case to Massachusetts pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving defendant "bears the burden of demonstrating that transfer pursuant to Section 1404(a) is warranted." *Gemological Inst. of Am., Inc. v. Thi-Dai Phan*, 145 F. Supp. 2d 68, 71 (D.D.C. 2001). Section 1404(a) grants district courts broad discretion to transfer cases, but they must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The court must first determine whether the action could have been brought originally in the District of Massachusetts. The court must consider whether venue and personal jurisdiction are proper in the transferee district. *Lamont v. Haig*, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978); *see Relf v. Gasch*, 511 F.2d 804, 806-07 (D.C. Cir. 1975). Once a court makes this determination, it must then "balance a number of case-specific factors which include the private interests of the parties as well as public interests such as efficiency and fairness." *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). The private interest factors include: (1) the plaintiff's choice of forum, (2) the defendant's choice of forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties, (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the districts, and (6) the ease of access to sources of proof. *Id.* The public interest factors include: (1) the transferee district's

2

familiarity with the governing law, (2) the relative congestion of both the transferor and transferee courts, and (3) the local interest in deciding local controversies at home. *Id.*

**B.      Jurisdiction and Venue in the District of Massachusetts**

### 1.      Subject Matter Jurisdiction

The District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship. Fastino is a resident of Rhode Island; Eli Lilly is incorporated and has its principal place of business in Indiana. Eli Lilly does not contest the amount in controversy requirement at this time. Thus, the District of Massachusetts would have subject matter jurisdiction.

### 2.      Personal Jurisdiction

A federal court in Massachusetts would be able to assert personal jurisdiction over Eli Lilly based on Fastino's allegations that the company sold DES to Fastino's mother in Massachusetts. The Massachusetts long-arm statute extends to torts allegedly committed in Massachusetts. *See* MASS. GEN. LAWS ch. 223A, § 3.

### 3.      Venue

"A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought . . . in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). Fastino alleges that her *in utero* exposure to DES occurred during her mother's pregnancy in Massachusetts.

Because subject matter jurisdiction, personal jurisdiction, and venue would be proper in the District of Massachusetts, this case is one which might have been brought there.

C.    **Private Interest Factors**

The court now turns to the private interest factors. Typically, the plaintiff's choice of forum is given considerable weight, but it is entitled to "substantially less deference when the forum preferred by the plaintiff is not his home forum." *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). Because Fastino is not a resident of the District of Columbia, the court gives less deference to her choice of forum. Eli Lilly's choice of another forum, however, is undermined by the fact that Eli Lilly previously chose the District of Columbia as the forum for its own litigation against its insurers regarding coverage for DES claims and opposed the insurers' motion to transfer the case to another forum. *See Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710 (D.C. Cir. 1986); Ex. 2 to Pl.'s Opp'n. The balance tips slightly in favor of this district, then, when weighing the parties' choices of fora.

Eli Lilly maintains that Fastino's claim arose in Massachusetts where her *in utero* exposure occurred. This factor favors the District of Massachusetts.

Eli Lilly has not shown that the convenience of the parties and their witnesses favors transfer to Massachusetts. Eli Lilly argues that the relevant treating physicians and pharmacists of Fastino and her mother during the pregnancy, as well as relevant medical records, are in Massachusetts. Fastino represents, however, that Fastino's mother and her treating physician are both deceased, and that medical records and witnesses will be voluntarily produced in the District of Columbia without need for subpoena. Fastino's expert witnesses are located in Maryland, Texas, Pennsylvania, and Alabama; Eli Lilly's experts are located in Alabama, Maryland, and

4

New Jersey. There has been no showing that holding trial in the District of Columbia would impede the parties' access to evidence.

The court concludes that Eli Lilly has failed to show that the private factors weigh in favor of transferring this case to Massachusetts.

**D.    Public Factors**

The court now turns to the public interest factors. The "interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996). In this case, Massachusetts product liability law would govern the dispute. There is no evidence regarding the relative congestion of the district courts of the District of Columbia and Massachusetts. Massachusetts has an interest in determining this controversy because the alleged tort occurred in Massachusetts. The District of Columbia also has an interest in the controversy because it is where Eli Lilly's lobbying efforts to gain approval of DES and the original industry-wide promotion of DES occurred. *See* Ex. 3 to Pl.'s Opp'n. In addition, substantial litigation concerning DES has occurred in this district in the past. *See, e.g., Shields v. Eli Lilly & Co.*, 895 F.2d 1463 (D.C. Cir. 1990); *Tidler v. Eli Lilly & Co.*, 851 F.2d 418 (D.C. Cir. 1988); *Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710 (D.C. Cir. 1986). Therefore, the court concludes that Eli Lilly has failed to show that the public factors favor transfer.

### III. CONCLUSION

Although this action could have been brought in the District of Massachusetts, the

convenience of the parties and the witnesses and the interests of justice do not favor transfer to

Massachusetts.  Therefore, this court concludes that defendant's motion to transfer must be

DENIED.

### ORDER

Accordingly, it is this 8th day of October, 2003, hereby:

**ORDERED**, that defendant's motion to transfer [#6] is **DENIED.**


Henry H. Kennedy, Jr.
United States District Judge


6

**Appendix 2J**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARRIE DIMANCHE and
STEVE DIMANCHE,

     Plaintiffs,

        v.

ELI LILLY AND COMPANY,

     Defendant.

Civil Action No.  03-0236 (JDB)

## ORDER

Carrie and Steve Dimanche ("plaintiffs") filed this action in the Superior Court for the District of Columbia seeking compensatory and punitive relief for injuries associated with Mrs. Dimanche's alleged in utero exposure to diethylstilbestrol ("DES"). Eli Lilly and Company ("defendant") removed the case to this Court on February 13, 2003. After discovery had begun, defendant moved to transfer the case to the District of Massachusetts, where plaintiffs reside, or alternatively, to the District of Connecticut, where the events giving rise to their injuries allegedly occurred. Following eight other judges of this Court who have denied similar motions in DES cases against defendant, the Court denies defendant's motion to transfer.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party seeking a transfer must show that the "balance of convenience of the parties and witnesses and the interest of justice are in [its] favor." Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991) (quoting Consol. Metal

-1-

Prods., Inc. v. Am. Petroleum Inst., 569 F. Supp. 773, 774 (D.D.C. 1983)). Factors to be considered in determining whether to grant a motion to transfer include ease of access to sources of proof, the availability of compulsory process to compel the attendance of unwilling witnesses, the amount of expense for willing witnesses, and other practical aspects of expeditiously and conveniently conducting a trial. See SEC v. Page Airways, 464 F. Supp. 461, 463 (D.D.C. 1978). Furthermore, district courts have a "local interest in deciding local controversies at home." Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996). If the particular controversy has meaningful ties to the plaintiff's chosen forum and the plaintiff is a resident of that forum, the plaintiff's choice is given substantial deference, see Wilderness Soc'y v. Babbit, 104 F. Supp. 2d 10, 12-13 (D.D.C. 2000), and the moving party "bear[s] a heavy burden of establishing that plaintiffs' choice of forum is inappropriate." Pain v. United Tech. Corp., 637 F.2d 775, 784 (D.C. Cir. 1980). But where the lawsuit has no factual nexus with the chosen forum, the plaintiff's election may be accorded less weight. See Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981); Trout Unlimited, 944 F. Supp. at 17; Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Here, even if plaintiffs' choice of forum is shown little deference, defendant has failed to demonstrate that the convenience of the parties and witnesses and the interest of justice would be served by a transfer of venue. Plaintiffs' chosen forum is, indeed, neither their home jurisdiction nor the site of the principal events giving rise to their claims. But plaintiffs submit that their claims have a factual nexus to the District of Columbia in that defendant has engaged in lobbying and other efforts to promote DES here. Additionally, while the substantive law of Connecticut will govern this case, plaintiffs note that the case is likely to pose issues of District of

Columbia procedural law. And although many of the fact witnesses reside in Massachusetts or Connecticut, defendant does not dispute that the expert witnesses in this case hail from New Jersey, Alabama, Maryland, Texas, Arkansas, and Pennsylvania. Defendant's motion would be more compelling if the anticipated witnesses were more geographically clustered around the proposed alternative venues. Finally, any concerns about the availability of compulsory process in this jurisdiction are mitigated by the fact that plaintiffs and defendant both have counsel in the District of Columbia experienced in handling this type of litigation, and that those counsel have cooperated in numerous other DES cases here with respect to making witnesses and documents readily available.

Thus, upon consideration of defendant's motion to transfer and plaintiffs' opposition thereto, and having assessed the convenience of the parties and witnesses as well as the interest of justice, it is hereby

ORDERED that defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

_____/s/_____

JOHN D. BATES
United States District Judge

Signed this 17<u>th</u> day of October, 2003.

**Appendix 2K**

Subj:  Activity in Case 1:03-cv-00896-HHK MILLER v. ELI LILLY AND COMPANY et al "Order on
       Motion to Transfer Case"
Date:  5/5/2004 11:47:52 AM Eastern Daylight Time
From:  DCD_ECFNotice@dcd.uscourts.gov
To:    DCD_ECFNotice@dcd.uscourts.gov
Sent from the Internet (Details)

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from Kennedy, Henry entered on 5/5/2004 at 11:47 AM and filed on
5/5/2004
**Case Name:**      MILLER v. ELI LILLY AND COMPANY et al
**Case Number:**   1:03-cv-896
**Filer:**
**Document Number:**

**Docket Text:**
MINUTE ORDER: denying Motion to Transfer Case [21] (Kennedy, Henry)

The following document(s) are associated with this transaction:

**1:03-cv-896 Notice will be electronically mailed to:**

John F. Anderson    john.anderson@troutmansanders.com

Kathleen M. Bustraan    bustraan@lordwhip.com, quigg@lordwhip.com

Scott H. Christensen    christen@hugheshubbard.com

Janet K. Coleman    jcoleman@whitneybogris.com,

Aaron L. Handleman    handleman@ewdc.com

Michael D. Jones    mjones@kirkland.com,

Sidney G. Leech    sgl@gdldlaw.com, msb@gdldlaw.com

Aaron M. Levine    aaronlevinelaw@aol.com

Lawrence Hedrick Martin    lmartin@foleyhoag.com, v! valenti@foleyhoag.com;jgranberry@foleyhoag.com

Michael J. McManus    michael.mcmanus@dbr.com

Juli Zsuzsa Simonyi    simonyi@ewdc.com,

Daniel W. Whitney    dwhitney@whitneybogris.com,

**1:03-cv-896 Notice will not be electronically mailed to:**