# Appendix 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELI LILLY AND COMPANY,

    Plaintiff

v.

THE HOME INSURANCE COMPANY, et al.

    Defendants

Civil Action No. 82-0669
Judge Norma Holloway Johnson

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

Peter C. Ward
Michael A. Bardolilli
BAKER & DANIELS
1920 N Street, N.W.
Washington, D.C. 20036
(202) 785-1565

Theodore R. Boehm
Christopher G. Scanlon
BAKER & DANIELS
810 Fletcher Trust Building
Indianapolis, Indiana 46204
(317) 636-4535

Attorneys for Eli Lilly and Company

Attorneys for Eli Lilly

Dated: Washington, D.C.
July 1, 1982

Forum shopping is no more an evil than any other tactical determination a party makes in its behalf. Any competent lawyer chooses a forum with his or her client's interests in mind. This is undoubtedly why Justice Jackson [in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839 (1947)] made clear that a party had to do more than forum shop to justify invoking forum non conveniens; the choice of forum must have been made 'with some harassment' in mind to have justified dismissal of the action.

Cheeseman v. Carey, 485 F. Supp. 203, 215 (S.D. N.Y. 1980), remanded on other grounds, 623 F.2d 1387 (2d Cir. 1980).

Obviously, by their accusations of "forum shopping" defendants hope to divert the Court's attention from the relevant considerations of convenience and justice to the irrelevant matter of Lilly's reasons for bringing suit in this district.1/

These same charges were made by defendant Aetna Casualty and Surety Company in the Owens-Illinois case. Quite properly, the court ignored Aetna's allegations in reaching its decision not to grant transfer. Lilly's right to litigate in this forum is afforded by the applicable venue statute. Wizen v. Laws, 194 F.2d at 875. Moreover, Lilly's

---

1/  Contrary to defendants' assertions, courts have not penalized plaintiffs for selecting forums with favorable laws. The relevant policy considerations are established by Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805 (1964), the leading case on the subject, which actually "protects the plaintiff in his right to bring his action in the state in which the law is most advantageous to him, so long as defendant is subject to suit there * * *." 1 J. Moore, Moore's Federal Practice ¶ 0.145 [4.-5] at 1608 (2d ed. 1982) [footnote omitted]. At the same time the Court in Van Dusen recognized that § 1404(a) itself could be used as a forum-shopping device by a defendant dissatisfied with the law of the original forum. By holding that the transferee court must apply the same substantive law as would the transferor court, Van Dusen sought only to protect plaintiffs from § 1404(a) forum-shopping defendants.' The Court appropriately did not seek to penalize plaintiffs who merely exercise rights afforded by the venue statutes themselves. See Wizen v. Laws, 194 F.2d at 875.

-14-

shows what common sense tells one.[10] The District of Columbia is a center of international dimensions easily accessible from all points, including Europe. The same is not true of Indianapolis. It is positively absurd to believe otherwise.

Defendants have not come forth with any facts to support their position that Indianapolis would be a more convenient forum for them. Therefore, they have failed to carry their burden of proof. Clearly, for most defendants (the 50 or so located in the "East" or in Europe), Washington, D.C. provides a more convenient forum. The twelve defendants located in Illinois, Omaha, St. Paul and Wausau are going to have to travel by air to arrive at either Indianapolis or Washington, D.C., and have better service to Washington. In any event, no defendant has shown any specific hardship encountered by litigation in the District of Columbia which would be eased by transfer to Indiana.

In short, the "convenience" to which defendants refer is nothing more than a desire to avoid the court of

---

[10]  The following flight schedule should be compared with the schedule presented in defendants' Memo., p. 11 (footnote). Such a comparison clearly shows that there is greater ease of access to Washington, D.C. than to Indianapolis:

| Area | Daily Flights To and From D.C. |
|---|---|
| Seattle, WA | 59 |
| San Francisco, CA | 83 |
| Los Angeles, CA | 107 |
| Omaha, NE | 45 |
| St. Paul, MI | 30 |
| Kansas City, MO | 52 |
| Wausau, WI | 19 |
| Springfield, IL | 25 |
| Chicago, IL | 34 |
| Richmond, VA | 45 |
| Philadelphia, PA | 72 |
| New York City, NY | 104 |
| Hartford, CO | 23 |
| Boston, MA | 45 |

-19-