UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LISA M. DEAN and JEFFREY R. DEAN | \* |
| and | \* |
| LYNN ALISON BACKNER and JAMES STEVEN BACKNER | \* |
| | \* CIVIL ACTION 1:06CV01375 |
| Plaintiffs, | \* JUDGE: Emmet G. Sullivan |
| vs. | \* |
| ELI LILLY AND COMPANY, | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S MOTION TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Plaintiffs' Opposition to Defendant Eli Lilly and Company's Motion to Transfer ("Plaintiffs' Opposition") does not dispute that this case has substantial connections to the District of Massachusetts and no relevant connection to the District of Columbia. Specifically, the alleged events giving rise to plaintiffs' claims, including the alleged prescription, purchase and ingestion of DES and the majority of the diagnosis and treatment of plaintiffs Lisa Dean and Lynn Backner's alleged injuries occurred in the District of Massachusetts. Additionally, the overwhelming majority of all of the non-expert witnesses in this case, including plaintiffs, plaintiffs' father, and plaintiffs' treating physicians, reside in the District of Massachusetts. Plaintiffs' arguments regarding factors such as travel convenience for plaintiffs' experts, Lilly's previous litigation of an insurance claim in the District of Columbia and Lilly's governmental contacts here have no significant bearing on transfer under 28 U.S.C. § 1404(a), and have been

137136v1

routinely rejected by this Court. As set forth in Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer ("Lilly's Memorandum in Support of Motion to Transfer") and below, the relevant factors and controlling authority warrant transfer of this case to the United States District Court for the District of Massachusetts.

I.  **THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF MASSACHUSETTS BECAUSE THE BALANCE OF RELEVANT CONTACTS IN THE CASE WARRANT TRANSFER TO MASSACHUSETTS**

Throughout plaintiffs' Opposition, plaintiffs argue that this case should remain in the District of Columbia, which they characterize as a "convenient a forum as anywhere else." See Plaintiffs' Opposition at 1. Plaintiffs then attempt to provide a laundry lists of reasons why this case should remain in the District of Columbia, but fail to identify any relevant contacts between this case and the District of Columbia.

   A.  **The District of Massachusetts Is A More Convenient Forum For Witnesses Likely To Be Called To Testify At Trial**

The convenience of witnesses in this case dictates that the case be transferred to Massachusetts. Indeed, all relevant fact witnesses but two[1] are either in Massachusetts or subject to the subpoena power of the United States District Court for the District of Massachusetts and no relevant fact witnesses are in the District of Columbia or subject to its subpoena power.

Under these circumstances, it would be inequitable to require Lilly to defend itself against plaintiffs' claims and proceed toward trial in a district where none of the non-party fact witnesses are subject to that court's subpoena power and therefore cannot be compelled to testify. Likewise, the fact-finder ultimately charged with determining the merits of this case should not be deprived of the benefit of assessing each witness' credibility through live

---

[1] See Plaintiffs' Opposition at 2-3. The two witnesses residing beyond the subpoena power of the District of Massachusetts are in Lebanon, New Hampshire, which is closer to the United States District Court for the District of Massachusetts than this court, and presumably a more convenient jurisdiction for these witnesses than the District of Columbia.

testimony. *See Pryocap Int'l Corp., v. Ford Motor Co.*, 2003 WL 1623898 at *6 (D.D.C. Mar. 31, 2003, Civ. A. No. 02-CV-346) (*quoting Classen v. Brown*, 1996 WL 79490 at *6 (D.D.C. Feb. 16, 1996, Civ. A. No. 94-CV-1018) ("Live testimony is always markedly preferable to written depositions, particularly where the resolution of critical factual issues will likely turn on the credibility of the witnesses."); *See also DeLoach v. Phillip Morris Cos., Inc.*, 132 F.Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted) (stating that a Court's ability to compel the appearance of unwilling non-party witnesses is an "important factor" to be examined by a district court in weighing the arguments for and against transfer).

Plaintiffs purport to justify this case remaining in the District of Columbia – despite the fact that none of the fact witnesses are subject to this Court's subpoena power – by asserting they will proffer all witnesses when asked. Contrary to their contentions, plaintiffs' counsel cannot guarantee the cooperation of non-parties over whom plaintiffs' counsel has no control.[2] Likewise, plaintiffs' argument that past DES witnesses have appeared for testimony without a subpoena is irrelevant. Any willingness of witnesses in prior, unrelated cases to provide testimony without a subpoena provides no prediction of the willingness of the witnesses in this case to appear for deposition or trial. Furthermore, in addition to the potential witnesses in this case currently known to plaintiffs and Lilly, there may be independent fact witnesses currently unknown to counsel who reside in the state of Massachusetts who are unwilling to voluntarily appear for deposition or trial and will require a subpoena.

---

[2] Plaintiffs' argument that their counsel will lend its District of Columbia office for the depositions of fact witnesses in this case is non-persuasive. The fact that plaintiffs, who reside in the District of Massachusetts and the District of New Hampshire, selected counsel based in the District of Columbia to represent them in a case that allegedly arose in and has substantial connections to the District of Massachusetts, is not a relevant factor to be considered in determining whether to transfer this case under 28 U.S.C. § 1404(a). Furthermore, plaintiffs' counsel do not have the power to subpoena unwilling witnesses to appear in their District of Columbia office.

137136v1

Plaintiffs' argument that plaintiffs' father – a Massachusetts resident, as revealed in plaintiff's responses to interrogatories and admitted by plaintiffs in their Opposition at 3 – is equally inconvenienced traveling to Massachusetts as to the District of Columbia for depositions and trial is wholly un-persuasive. Courts consider the convenience of witnesses under a section 1404 analysis "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Brannen v. Nat'l R.R. Passenger Corp.*, 403 F. Supp. 2d 89, 94 (D.D.C. 2005). The supposed fact that plaintiffs' father has a winter home in Florida does not make the District of Columbia a more convenient forum than the District of Massachusetts.[3] Though plaintiffs argue in their Opposition that, depending on the time of year, their father will be more inconvenienced by having to travel to his residence in Massachusetts than to the District of Columbia, plaintiffs never assert that their father will actually be unavailable for trial in Massachusetts.[4]

Plaintiffs' argument that two of the treating physicians in this case are not subject to this court's subpoena power similarly does not suggest that the District of Columbia – which has subpoena power over no fact witnesses – is a better forum for this case than the District of Massachusetts. Indeed, plaintiffs do not dispute Lilly's claim that, whereas all but two of plaintiffs' treating physicians are subject to the subpoena power of the District of Massachusetts, none of them are subject to this Court's subpoena power. *See* Memorandum in Support of Lilly's Motion to Transfer at 7-8.

---

[3] In fact, it is more likely that plaintiffs' father will voluntarily appear to testify in support of his daughters' case sans a subpoena than any of plaintiffs' treating doctors, who are likely to be less willing to testify at depositions and trial than plaintiffs' own father. Accordingly, the ability of the District of Massachusetts to subpoena plaintiffs' treating doctors is a more important consideration in this case than the supposed inconvenience of plaintiffs' father, a Massachusetts resident, if he were asked to provide testimony in the District of Massachusetts.

[4] On the contrary, plaintiffs assure Lilly and the court that they will voluntarily produce all of plaintiffs' family in this case. *See* Opposition at 4-5.

Finally, plaintiffs' argument that this case should remain in the District of Columbia because the expert witnesses in the case reside in various states is without merit. The fact that the expert witnesses in this case reside in various states does not make the District of Columbia a <u>more</u> convenient forum than the District of Massachusetts. As this Court has previously held, the convenience of expert witnesses is not a significant factor in this Court's decision whether to transfer this case under 28 U.S.C. 1404(a). *See Froessl v. Expervision,* 1994 WL 149855, at *4 (D.D.C. Apr 14, 1994) (" . . . although the convenience of experts is not irrelevant [in considering a § 1404(a) motion], the Defendant properly points out that their convenience is entitled to little consideration in this context.") (citation omitted). *See also Lentz v. Eli Lilly and Company,* Civil Action No. 06-1374 (D.D.C. December 18, 2006) (Huvelle, J.), Lilly's Memorandum in Support of Motion to Transfer, Attachment C to Exhibit 3 (discounting plaintiff's argument about the convenience of expert witnesses and recognizing that expert witnesses "by virtue of their role as paid experts must be prepared to travel to testify and are compensated for doing so....").

Plaintiffs attempt to distinguish *Thompson, Abramson,* and *Lentz* by stating that in these cases, all relevant parties were located exclusively in one state. Plaintiffs fail to mention that this court granted Lilly's motion to transfer those cases the <u>despite the fact</u> that the expert witnesses in those cases, like the present case, resided in numerous states. *See Thompson v. Eli Lilly and Company,* Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.), Lilly's Memorandum in Support of Motion to Transfer, Attachment A to Exhibit 3; *Abramson v. Eli Lilly and Company,* Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates J.), Lilly's Memorandum in Support of Motion to Transfer, Attachment B to Exhibit 3; *Lentz,* Lilly's Memorandum in Support of Motion to Transfer, Attachment C to Exhibit 3. In fact, this case is

137136v1

akin to *Thompson*, *Abramson*, and *Lentz*. Here, the vast majority of non-expert witnesses are in a single state – Massachusetts – and the remaining few non-expert witnesses are in neighboring states.

Lilly is not aware of a single fact witness who resides in or is subject to the subpoena power of the District of Columbia. Rather, the majority of these witnesses reside in or are subject to the subpoena power of the District of Massachusetts. Thus, when considering the convenience of the witnesses as a whole, the District of Massachusetts is by far the most convenient forum for this litigation.

> **B.    Lilly's Activities as a Company Do Not Warrant This Case Remaining in the District of Columbia**

This case should not remain in the District of Columbia because of Lilly's activities as a company. Lilly is headquartered and maintains its principal place of business in Indiana. Nothing about these facts makes the District of Columbia, which has no connection to this case, a more convenient forum than the District of Massachusetts, which has substantial connections to this case. Likewise, the fact that Lilly may sell products in the District of Columbia does not make the District of Columbia a more convenient forum than the District of Massachusetts for a case involving the claims of a Massachusetts and New Hampshire residents who were allegedly exposed to DES in Massachusetts.

Additionally, plaintiffs' argument that Lilly's and other manufacturers' interaction with the FDA provides a connection to the District of Columbia has been flatly rejected by courts in the District of Columbia. *See In re AT&T Access Charge Litig.*, No. Civ. A. 05-1360, 2005 WL 3274561, *3 (D.D.C. Nov. 16, 2005) (Huvelle, J.) (to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action.").

*See also DeLoach v. Philip Morris Co.*, 132 F. Supp. 2d 22 (D.D.C. 2000); *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Indeed, this Court has specifically rejected the argument that FDA regulatory action regarding DES established a connection between DES lawsuits and the District of Columbia. *See Thompson*, Lilly's Memorandum in Support of Motion to Transfer, Attachment A to Exhibit 3, at 5; *Abramson*, Lilly's Memorandum in Support of Motion to Transfer, Attachment B to Exhibit 3, at 4 n.6.

Plaintiffs' argument that the District of Columbia is a proper forum for this litigation because Lilly filed a suit against its insurers in the District of Columbia is equally unpersuasive. In both *Abramson* and *Thompson*, this Court rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Lilly's Memorandum in Support of Motion to Transfer, Attachment B to Exhibit 3, at 5; Attachment A to Exhibit 3, at 2-3. As Judge Bates noted in *Abramson*, Lilly's choice of forum in its litigation against insurers regarding coverage for DES claims was based in part on the need to accommodate travelers from around the globe. *See Abramson*, Lilly's Memorandum in Support of Motion to Transfer, Attachment B to Exhibit 3, at p. 3 n.4. This is not an issue for plaintiffs in the present case because they reside in the District of Massachusetts and the District of New Hampshire, as do all of the other non-expert witnesses in this case, including the physicians who have diagnosed and treated plaintiff's alleged conditions.[5] Further, the fact that the District of

---

[5] Plaintiffs' argument that the District of Columbia is more convenient for the witnesses in this case because of issues of flight schedules and convenience of travel is a non-starter because plaintiffs Lynn and James Backner reside in the District of Massachusetts; plaintiffs Lisa and Jeffrey Dean reside in the District of New Hampshire within driving distance of the District of Massachusetts; plaintiffs Lynn Backner and Lisa Dean's father resides in the District of Massachusetts; and the vast majority of all of the other non-expert witnesses in this case, including the physicians who have diagnosed and treated plaintiff's alleged conditions, either reside in the District of Massachusetts or are subject to its subpoena power. (See Memorandum In Support of Lilly's Memorandum in Support of Motion to Transfer at 2 n.2.)

137136v1

Columbia was a convenient forum for that litigation does not determine that the District is appropriate for this case.

Finally, plaintiffs' argument that past DES cases have occurred in the District of Columbia does not mean that this case – that has absolutely no connection to the District of Columbia – belongs here. Indeed, the cases plaintiff cites for her suggestion that this case also belongs in the District of Columbia turned on their own unique facts. *See, e.g., Tidler v. Eli Lilly and Co.*, 851 F.2d 418, 420 (D.C. Cir. 1988) (case involving the claims of District of Columbia and Maryland residents).

    C    **This Court's Prior Rulings Support Lilly's Motion To Transfer To The District Of Massachusetts**

The *Thompson, Abramson, Lentz,* and *Corbett* courts have all recently transferred DES cases involving similar facts. *See Thompson*, Lilly's Memorandum in Support of Motion to Transfer, Attachment A to Exhibit 3; *Abramson*, Lilly's Memorandum in Support of Motion to Transfer, Attachment B to Exhibit 3; *Lentz*, Lilly's Memorandum in Support of Motion to Transfer, Attachment C to Exhibit 3, *Corbett v. Eli Lilly and Company*, Civil Action No. 05-cv-01584 (D.D.C. June 6, 2006) (Robertson, J.).

Contrary to plaintiffs' assertion, Lilly's citation to *Corbett* is not misleading. It is within the wide discretion of the district court whether to transfer an action to a more convenient forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). In fact, involvement of the parties in filing or consenting to motions to transfer is not necessary for courts to transfer cases to their appropriate venue. *See Cox v. Reliance Standard Life Ins. Co.*, 2000 WL 1683506 at *1 (D.C. Cir. Oct. 19, 2000) (upholding District Court's sua sponte transfer order); *In re Smith*, 1999 WL 506695 at *1 (D.C. Cir. June 8, 1999) (recognizing sua sponte transfers). In *Corbett*, the court issued an order granting Lilly's motion to transfer "[u]pon consideration of Defendant's

8

Eli Lilly and Company's Motion to Transfer to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a)." (*Corbett*, Lilly's Memorandum in Support of Motion to Transfer, Attachment B to Exhibit 3, at 1). That the plaintiff in *Corbett*, after reviewing Lilly's Motion to Transfer, ultimately filed a Notice of Non-Opposition to Lilly's Motion to Transfer does not contradict the fact the *Corbett* court, in its discretion and upon consideration of Lilly's Motion to Transfer, determined *Corbett* should be transferred to the District of Massachusetts.

Plaintiffs' generalized reference to a list of orders, without any legal analysis, does not support denial of transfer in this case.[6] Most of the cited cases are either silent regarding the factors considered by the court in denying transfer or inapposite to the case at bar. For example, *Wieprecht v. Eli Lilly and Company*, No. 01CV0889 (Robertson, J.), *Coy v. Eli Lilly*, No. 01CV1072 (Penn, J.), *Bailer v. Eli Lilly and Company*, No. 02CV1654 (Urbina, J.), and *Miller v. Eli Lilly and Company*, No. 03CV0896 (Kennedy, J.), were all decided without any indication of the reasoning for the decisions set forth in the orders. In *Ingram v. Eli Lilly and Company*, No. Civ.A. 02-2023 (Walton, J.), the court noted that none of the vital witnesses remained in the proposed transferee jurisdiction, so there was no concern regarding a lack of substantial connection to a particular jurisdiction. Finally, in *Blank v. Eli Lilly and Company*, No. 02CV1976 (Roberts, J.), the court noted that there was only one witness residing in the proposed transferee jurisdiction and the witness expressly agreed to appear without a subpoena. *Id.* at 5. Further, the court noted that there had been no determination as to which state's law to

---

[6] Similarly, plaintiffs argument – that a statement made by Lilly in *McClamrock v. Eli Lilly & Company*, Plaintiffs' Opposition, App. 6, somehow admits that this case belongs in the District of Columbia – also fails. Simply by distinguishing *Ingram v. Eli Lilly & Company*, 2003 WL 256729 (D.D.C. Jan. 23, 2003), a case in which transfer was denied, from *McClamrock*, Lilly made no such admission. Just like *McClamrock*, the case currently before this Court is similarly distinguishable from *Ingram*. For example, in *Ingram*, the non-expert witnesses were not located in one district, but all but two of the non-expert witnesses in the case at bar are located within the subpoena power of the District of Massachusetts. Therefore, the District of Massachusetts' subpoena power will be effective in ensuring that these witnesses will be available for deposition and trial.

apply, that there had been no evidence of the relative congestion of the courts at issue and that neither the District of Columbia nor Massachusetts had a strong local interest in the controversy. *Id.* at 6.

## II.   PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO LITTLE DEFERENCE

Plaintiffs have chosen to sue in a forum with little factual nexus with their claims. As such, plaintiffs' choice of forum is entitled to little deference. *See Thompson*, Lilly's Memorandum in Support of Motion to Transfer, Attachment A to Exhibit 3, at 2 (refusing to give deference to plaintiff's selected forum where there is no nexus between the chosen jurisdiction and the facts and circumstances of the case); *Abramson*, Lilly's Memorandum in Support of Motion to Transfer, Attachment B to Exhibit 3, at 2 (same). *See also Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 55557, at *2 (D.D.C. Jan. 10, 1989) ("While plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit, plaintiff's choice of forum may be accorded less weight in a section 1404 analysis . . . in fact, the presumption may switch to the defendant's favor when neither party resides in the chosen forum and the cause of action arises elsewhere.").

Plaintiffs' choice of forum is entitled to even less deference because neither plaintiff resides in the forum. Courts give even less deference when plaintiffs choose a forum in which they do not reside. *Brannen v. Nat'l R.R. Passenger Corp.*, 403 F. Supp. 2d 89, 93 (D.D.C. 2005) (holding that "[a]lthough the court gives 'deference to the plaintiff's choice, it need give substantially less deference when the forum preferred by plaintiff is not his home forum.'"); *Boers v. U.S.*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (same). *See also Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 561 F. Supp. 1238, 1239 (D.D.C. 1983). That a plaintiff's choice of forum is not entitled to substantial deference where the plaintiff does not reside in the forum has been recognized by this Court in granting Lilly's motions to transfer

other DES cases. *See Lentz*, Lilly's Memorandum in Support of Motion to Transfer, Attachment C to Exhibit 3, at 5 (holding that, since "[t]he District of Columbia's ties to this case are minimal, while [the transferee district's] interests are considerable," "[t]he plaintiff's choice of forum therefore carries little, if any, weight and is insufficient to overcome the factors that weigh in favor of transfer"); *Abramson*, Lilly's Memorandum in Support of Motion to Transfer, Attachment B to Exhibit 3, at 2 (same).

Despite plaintiffs' argument to the contrary, plaintiffs' admitted purpose of filing in the District of Columbia to take advantage of the District of Columbia's statute of limitations is a non-factor in determining whether to transfer this case under 28 U.S.C. §1404(a). Under *Ferens v. John Deere Co.*, 494 U.S. 516 (1990), a transferee court – here the District of Massachusetts – will be obliged to apply the same choice of law analysis that this transferring court would apply. Accordingly, to the extent the District of Columbia statute of limitations is procedural and applies to plaintiffs' claims, such application is not a ground for denying Lilly's Motion to Transfer to the District of Massachusetts, given that this case will otherwise involve application of Massachusetts state law.

The fact that plaintiffs filed their action in the Superior Court of the District of Columbia, not the United States District Court for the District of Columbia, does not impact this Court's section 1441 analysis. Contrary to plaintiffs' suggestion in their Opposition, Lilly does not need plaintiff's consent to remove a case under 28 U.S.C. § 1441. When plaintiffs – Massachusetts and New Hampshire residents – filed their suit against Lilly – a citizen of Indiana under 28 U.S.C. § 1332(c)(1) – seeking damages in excess of $75,000, they knew that Lilly could remove this action as a matter of right under 28 U.S.C. § 1441. Furthermore, at the time Lilly sought to remove this case, it had not yet received the discovery responses of plaintiffs,

11

137136v1

which revealed these strong ties to the District of Massachusetts and no ties to the District of Columbia. Now that Lilly has received confirmation in plaintiff's discovery responses that this case has strong ties to the District of Massachusetts and none to the District of Columbia, it properly seeks transfer of this case to the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a).

### III.   TRANSFERRING THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS IS IN THE INTERESTS OF JUSTICE

In light of the substantial connections between the operative facts of this case, the plaintiffs, the witnesses and the State of Massachusetts, the interests of justice "[a]re best served by having [the] case decided by the federal court in the state whose law governs the interests at stake." *Thompson*, Lilly's Memorandum in Support of Motion to Transfer, Attachment A to Exhibit 3, Attachment A at 5 (*quoting Trout Unlimited v. United States Dep't of Agriculture*, 944 F. Supp. 13, 19 (D.D.C. 1996). This is particularly true in light of the complete lack of connection between this case and the District of Columbia.

It is inequitable to burden the courts and juries of the District of Columbia with a case that has absolutely no connection to the District. Plaintiffs' belief that this case will not proceed to trial is irrelevant under § 1404(a). Just because previous cases have been resolved before trial does not establish that this case will follow the same course. Additionally, this Court has rejected plaintiffs' argument regarding Magistrate Kay and held that Magistrate Kay's experience mediating DES cases is an insufficient ground to maintain a case in the District of Columbia that should otherwise be transferred in response to a properly filed motion to transfer. *See* Lilly's Memorandum in Support of Motion to Transfer at 11 n.11.

Furthermore, plaintiffs' claim that this Court should refuse to transfer the case to Massachusetts because Massachusetts' products liability law is "nearly identical" to that of the

District of Columbia is simply incorrect. For example, the District of Columbia recognizes joint liability and comparative negligence, while Massachusetts recognizes modified joint liability and modified comparative negligence. *Compare Nat'l Health Lab. Inc. v. Ahmadi*, 596 A.2d 555 (D.C. 1991) (joint liability); *Nat'l Health Labs., Inc. v. Ahmadi*, 596 A.2d 555 (D.C. 1991) (same); *Johnson v. Mercedes-Benz, USA, LLC*, 182 F. Supp. 2d 58 (D.D.C. 2002) (contributory negligence) *with* MASS. GEN. LAWS ANN. Ch. 231B §§ 1-2 (modified joint liability provides that each defendant is liable to the extent of that defendant's proportionate share of the entire common liability, without regard to its relative degree of fault. Thus, in a two-defendant case, a defendant found 1% negligent can be compelled to pay 50% of the judgment); MASS GEN. LAWS ANN. Ch. 231, § 85 (modified comparative negligence); *Shantigar Foundation v. Bear Mountain Builders*, 804 N.E.2d 324 (Mass. 2004) (same). Similarly, the District of Columbia allows punitive damage awards, whereas in Massachusetts, punitive damages are not allowed unless expressly authorized by statute. *Compare United Mine Workers of Am. v. Moore*, 717 A.2d 332, 341 (D.C. Ct. App. 1998) *with Felsner v. Tech. Comm. Corp.*, 575 N.E.2d 1107, 1112 (Mass. 1991).

As in *Abramson*, "given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge Kay, with this case." *Abramson*, Memorandum in Support of Motion to Transfer, Attachment B to Exhibit 3 at 4-5.

## CONCLUSION

This case has substantial connections to the District of Massachusetts and no connection to the District of Columbia. The interests of justice and the convenience of the parties and witnesses support transfer of this case to the District of Massachusetts . Accordingly,

137136v1

Lilly's Motion to Transfer this action to the United States District Court for the District of Massachusetts should be granted.

Respectfully submitted,

/s/ Emily J. Laird
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
Mark C. Hegarty
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547
**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

137136v1

## CERTIFICATE OF SERVICE

   I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 30th day of January, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

         /s/ Emily J. Laird
         **ATTORNEY FOR DEFENDANT**
         **ELI LILLY AND COMPANY**

137136v1